IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **JESSICA SCHLESINGER**<br><br>Plaintiff<br><br>vs<br><br>**103RD MULTIPLEX LLC**<br><br>Defendant | Case No.<br><br>**COMPLAINT**<br><br>ORS 90.320; ORS 90.375<br><br>Not Subject to Mandatory Arbitration<br>Amount in Controversy: $2.5 million<br>Fee Authority: ORS 21.160(1)(d)<br>Jury Trial Requested |

**1.**

Johnson Creek is one of Portland's most important resources, originating in Boring, and traveling 26 miles west through Clackamas and Multnomah counties, before reaching its confluence with the Willamette River in Milwaukie.

**2.**

In order to keep costs down and increase profits, defendant flagrantly violated numerous environmental regulations, and allowed hundreds of gallons of toxic sewage to flow around and out of plaintiff's home in the Lents neighborhood, and directly into Johnson Creek, polluting the surrounding soil and water.

**3.**

From February 2022 through November 2022, plaintiff lived at 6402 SE 103rd Avenue in Portland, Oregon.

**4.**

From February 2022 through November 2022, plaintiff was defendant's "tenant" as that term is defined at ORS 90.100(47).

**5.**

From February 2022 through November 2022, defendant was plaintiff's "landlord" as that term is defined at ORS 90.100(23).

**6.**

From February 2022 through November 2022, defendant was responsible to maintain the premises at 6402 SE 103rd Avenue in a safe condition.

**7.**

From February 2022 through November 2022, the premises at 6402 SE 103rd Avenue substantially lacked plumbing facilities that conform to applicable law in effect at the time of installation, and maintained in good working order, in that defendant never connected the sewer lines in plaintiff's apartment to a public or an approved private sewer system and instead allowed hundreds of gallons of sewage to flow around and out of the property and into Johnson Creek, for example, creating conditions that posed a health and safety hazard to plaintiff.

**COMPLAINT** – Page 2 of 7

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 2 of 88**

**8.**

From February 2022 through November 2022, the premises at 6402 SE 103rd Avenue substantially lacked an adequate number of receptacles for garbage, in that defendant failed to provide garbage service causing trash and debris to accumulate around the property, creating conditions that posed a health and safety hazard to plaintiff.

**9.**

From February 2022 through November 2022, the premises at 6402 SE 103rd Avenue substantially lacked buildings, grounds and appurtenances at the time of the commencement of the rental agreement in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, in that defendant never connected the sewer lines in plaintiff's apartment to a public or an approved private sewer system, but instead allowed hundreds of gallons of sewage to flow around and out of the property and into Johnson Creek, and failed to provide garbage removal service to plaintiff, for example, creating conditions that posed a health and safety hazard to plaintiff.

**COMPLAINT** – Page 3 of 7

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 3 of 88**

**10.**

In April and May of 2022, a City Housing Inspector visited 6402 SE 103rd Avenue and cited defendant for the lack of connected sewer lines and garbage service. A hearing by the City of Portland Code Hearings Office was held on October 4, 2022, and as of that date defendant had failed to take steps necessary to remediate the violations, and failed to show up at the hearing. In its October 14, 2022 written order, the City of Portland Code Hearings Office stated that defendant "failed to perform any of the actions necessary to correct the violations, therefore any occupants shall be required to vacate the Subject Property in its entirety by November 17, 2022." As a result of defendant's failure to mitigate ongoing sewage seepage around and out of the property, plaintiff was constructively ousted from her home the end of November 2022.

**11.**

In its October 14, 2022 written order, the Hearings Officer found that defendant's "failure to communicate and/or cooperate with the City to rectify the violations, knowing that residents are living under these conditions and the failure to correct upon being made aware, renders a finding that the violation was intentional."

**12.**

The rental value of plaintiff's tenancy is approximately $1,120 per month when the premises are maintained in a safe, healthy, habitable condition.

COMPLAINT – Page 4 of 7

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 4 of 88

**13.**

**CLAIMS FOR RELIEF**

**Claim One – ORS 90.320 (Habitability)**

As alleged in this complaint, defendant failed to comply with ORS 90.320, causing plaintiff to experience frustration, anxiety, acrid smells, the imminent fear of injury by the toxic conditions of her home including leakage of raw sewage and the overflow of garbage and rubbish, and feelings of depression, shame, humiliation, inability to sleep, disruptions of her life, and other tangible consequences of defendant's habitability violation, and so plaintiff respectfully requests a judgment for economic damages for the diminution in rental value for the noncompliance in an amount determined by the jury to be reasonable, not to exceed a total of $11,200, and for noneconomic damages for the noncompliance in an amount determined by the jury to be reasonable, not to exceed a total of $2,486,560, and for statutory interest, and reasonable attorney fees under ORS 90.225 and costs and disbursements.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 5 of 88**

**14.**

**Claim Two – ORS 90.375 (Illegal Ouster)**

Under ORS 90.375, a tenant may recover damages of two months' rent "if a landlord willfully diminishes […] services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric or other essential service […]". As alleged in this complaint, defendant failed to comply with ORS 90.375 by willfully and intentionally failing to rectify ongoing city code and state statutory violations, forcing plaintiff to vacate her home because the conditions were "imminently dangerous to the health and safety of the public" and tenants, and so plaintiff respectfully requests a judgment for economic damages representing one instance of twice the monthly rent when the rent was $1,120 per month, not to exceed a total of $2,240, and for statutory interest, and reasonable attorney fees under ORS 90.225 and costs and disbursements.

**15.**

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

**COMPLAINT** – Page 6 of 7

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 6 of 88

**16.**

**PRAYER**

Plaintiff seeks relief against defendant as requested above, and for any other relief this Court may determine is fair. Plaintiff reserves the right to amend this complaint to adjust the claims for compensation and damages and to add claims and additional defendants, including claims for punitive damages. Some of the complaint's allegations are based in part on the memory of witnesses, which may later prove to be inaccurate in parts, and so the complaint may later be amended before trial to conform the allegations to the evidence obtained throughout the case. This complaint is made on personal knowledge as to plaintiff's actions and based on information and belief as to the actions of others.

January 4, 2023

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Emily Templeton, OSB No. 221744**
Of Attorneys for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
emily@underdoglawyer.com
Direct 971-352-2503

**COMPLAINT** – Page 7 of 7

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 7 of 88**

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

|  |  |
|---|---|
| **JESSICA SCHLESINGER**<br><br>Plaintiff<br><br>vs<br><br>**103RD MULTIPLEX LLC**<br><br>Defendant | Case No. 23CV00328<br><br>**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT** |

## INTRODUCTION

Plaintiff respectfully asks that defendant admit or deny the following requests. After trial, plaintiff intends to request reimbursement for any unnecessary litigation expenses caused by defendant's failure to candidly admit or deny any of the requests below. If defendant's responses to any of these requests change at any time throughout this case or at any time during trial, defendant must immediately tell plaintiff, and defendant must revise his written responses so that they are accurate. All undefined terms in these requests have the definitions prescribed by the most recent version of the Random House Unabridged Dictionary.

**FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.**

REQUESTS FOR ADMISSION – Page 1 of 6

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 8 of 88**

# REQUESTS FOR ADMISSION

## 1.

Between February 2022 and November 2022, Christopher Baird was a governor of defendant's company.

**Admit or Deny:**

## 2.

Between February 2022 and November 2022, Eric Matson was a governor of defendant's company.

**Admit or Deny:**

## 3.

Plaintiff is defendant's "tenant" as that term is defined at ORS 90.100(47).

**Admit or Deny:**

## 4.

Defendant is plaintiff's "landlord" as that term is defined at ORS 90.100(23).

**Admit or Deny:**

## 5.

Between February 2022 and November 2022, defendant owned the premises at 6402 SE 103rd Avenue.

**Admit or Deny:**

REQUESTS FOR ADMISSION – Page 2 of 6

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 9 of 88

**6.**

Between February 2022 and November 2022, defendant was responsible to maintain the premises at 6402 SE 103rd Avenue in a habitable condition.

**Admit or Deny:**

**7.**

Between February 2022 and November 2022, defendant failed to observe all corporate formalities required of defendant under the laws of the state of Oregon.

**Admit or Deny:**

**8.**

Between February 2022 and November 2022, defendant failed to observe all corporate formalities required of defendant under the laws of the state of Washington.

**Admit or Deny:**

**9.**

Between February 2022 and November 2022, defendant failed to observe all corporate formalities required of defendant under the laws of Oregon.

**Admit or Deny:**

**10.**

Between February 2022 and November 2022, defendant failed to register its company with the Oregon Secretary of State Corporate Division.

**Admit or Deny:**

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 10 of 88**

**11.**

Between February 2022 and November 2022, defendant failed to maintain an insurance agreement or policy under which a person transacting insurance may be liable to satisfy part or all of a judgment in this case.

**Admit or Deny:**

**12.**

Between February 2022 and November 2022, trash accumulated at the premises at 6402 SE 103rd Avenue.

**Admit or Deny:**

**13.**

Between February 2022 and November 2022, sewage flowed from the premises at 6402 SE 103rd Avenue into Johnson Creek.

**Admit or Deny:**

**14.**

At no time has plaintiff faked or exaggerated the damages alleged in the operative complaint.

**Admit or Deny:**

**15.**

Defendant has accepted responsibility to pay for any damages determined by jury to have been sustained by plaintiff as alleged in the operative complaint.

**Admit or Deny:**

**REQUESTS FOR ADMISSION** – Page 4 of 6

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 11 of 88

## DEFINITIONS

"Responsible" means having an obligation to do something. "Maintain" means to manage. "Premises" has the definition used in ORS 90.100(34). "Condition" means the state of something with regard to its appearance, quality, or working order. "Safe" means protected from or not exposed to danger or risk. "Healthy" means not harmful to health. "Habitable" means in compliance with ORS 90.320. "Faked" means pretended to experience harm or damages. "Exaggerated" means to make something seem bigger or worse than it really was.

January 9, 2023

RESPECTFULLY FILED,

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

REQUESTS FOR ADMISSION – Page 5 of 6

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 12 of 88

**PROOF OF SERVICE**

I certify I caused this document to be served on the following:

**103rd Multiplex LLC**
**c/o registered agent Christopher Baird**
**1811 Main Street Suite 205**
**Vancouver, WA 98660-2681**

January 9, 2023

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **JESSICA SCHLESINGER**<br><br>Plaintiff<br><br>vs<br><br>**103RD MULTIPLEX LLC** and<br>**CHRISTOPHER BAIRD** and<br>**ERIC MATSON**<br><br>Defendants | Case No. 23CV00328<br><br>**COMPLAINT**<br><br>**First Amended**<br><br>ORS 90.320; ORS 90.375<br><br>Not Subject to Mandatory Arbitration<br>Amount in Controversy: $2.5 million<br>Fee Authority: ORS 21.160(1)(d)<br>Jury Trial Requested |

**1.**

Johnson Creek is one of Portland's most important resources, originating in Boring, and traveling 26 miles west through Clackamas and Multnomah counties, before reaching its confluence with the Willamette River in Milwaukie.

**2.**

In order to keep costs down and increase profits, defendants flagrantly violated numerous environmental regulations, and allowed hundreds of gallons of toxic sewage to flow around and out of plaintiff's home in the Lents neighborhood, and directly into Johnson Creek, polluting the surrounding soil and water.

**COMPLAINT** – Page 1 of 10

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 14 of 88

**3.**

From February 2022 through November 2022, plaintiff lived at 6402 SE 103rd Avenue in Portland, Oregon.

**4.**

From February 2022 through November 2022, plaintiff was defendants' "tenant" as that term is defined at ORS 90.100(47).

**5.**

From February 2022 through November 2022, defendants were plaintiff's "landlord" as that term is defined at ORS 90.100(23).

**6.**

From February 2022 through November 2022, defendants were responsible to maintain the premises at 6402 SE 103rd Avenue in a safe condition.

**7.**

From February 2022 through November 2022, the premises at 6402 SE 103rd Avenue substantially lacked plumbing facilities that conform to applicable law in effect at the time of installation, and maintained in good working order, in that defendants never connected the sewer lines in plaintiff's apartment to a public or an approved private sewer system and instead allowed hundreds of gallons of sewage to flow around and out of the property and into Johnson Creek, for example, creating conditions that posed a health and safety hazard to plaintiff.

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 15 of 88**

**8.**

From February 2022 through November 2022, the premises at 6402 SE 103rd Avenue substantially lacked an adequate number of receptacles for garbage, in that defendants failed to provide garbage service causing trash and debris to accumulate around the property, creating conditions that posed a health and safety hazard to plaintiff.

**9.**

From February 2022 through November 2022, the premises at 6402 SE 103rd Avenue substantially lacked buildings, grounds and appurtenances at the time of the commencement of the rental agreement in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, in that defendants never connected the sewer lines in plaintiff's apartment to a public or an approved private sewer system, but instead allowed hundreds of gallons of sewage to flow around and out of the property and into Johnson Creek, and failed to provide garbage removal service to plaintiff, for example, creating conditions that posed a health and safety hazard to plaintiff.

**COMPLAINT** – Page 3 of 10

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 16 of 88

**10.**

In April and May of 2022, a City Housing Inspector visited 6402 SE 103rd Avenue and cited defendants for the lack of connected sewer lines and garbage service. A hearing by the City of Portland Code Hearings Office was held on October 4, 2022, and as of that date defendants had failed to take steps necessary to remediate the violations, and failed to show up at the hearing. In its October 14, 2022 written order, the City of Portland Code Hearings Office stated that defendants "failed to perform any of the actions necessary to correct the violations, therefore any occupants shall be required to vacate the Subject Property in its entirety by November 17, 2022." As a result of defendants' failure to mitigate ongoing sewage seepage around and out of the property, plaintiff was constructively ousted from her home the end of November 2022.

**11.**

In its October 14, 2022 written order, the Hearings Officer found that defendants' "failure to communicate and/or cooperate with the City to rectify the violations, knowing that residents are living under these conditions and the failure to correct upon being made aware, renders a finding that the violation was intentional." *See* Exhibit 1.

**12.**

The rental value of plaintiff's tenancy is approximately $1,120 per month when the premises are maintained in a safe, healthy, habitable condition.

**COMPLAINT** – Page 4 of 10

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 17 of 88

**13.**

**CLAIMS FOR RELIEF**

**Claim One – ORS 90.320 (Habitability)**

As alleged in this complaint, defendants failed to comply with ORS 90.320, causing plaintiff to experience frustration, anxiety, acrid smells, the imminent fear of injury by the toxic conditions of her home including leakage of raw sewage and the overflow of garbage and rubbish, and feelings of depression, shame, humiliation, inability to sleep, disruptions of her life, and other tangible consequences of defendant's habitability violation, and so plaintiff respectfully requests a judgment for economic damages for the diminution in rental value for the noncompliance in an amount determined by the jury to be reasonable, not to exceed a total of $11,200, and for noneconomic damages for the noncompliance in an amount determined by the jury to be reasonable, not to exceed a total of $2,486,560, and for statutory interest, and reasonable attorney fees under ORS 90.225 and costs and disbursements.

**14.**

**Claim Two – ORS 90.375 (Illegal Ouster)**

Under ORS 90.375, a tenant may recover damages of two months' rent "if a landlord willfully diminishes […] services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric or other essential service […]". As alleged in this complaint, defendants failed to comply with ORS 90.375 by willfully and intentionally failing to rectify ongoing city code and state statutory violations, forcing plaintiff to vacate her home because the conditions were "imminently dangerous to the health and safety of the public" and tenants, and so plaintiff respectfully requests a judgment for economic damages representing one instance of twice the monthly rent when the rent was $1,120 per month, not to exceed a total of $2,240, and for statutory interest, and reasonable attorney fees under ORS 90.225 and costs and disbursements.

**15.**

**Claim Three – Declaratory Relief**

The doctrine of piercing the corporate veil applies to LLC's in the same way that it does to corporations. *Sterling Sav. Bank ex rel. Nw. Lending Partners, LLC v. Emerald Dev. Co.*, 266 Or App 312, 341 (2014).

A plaintiff seeking to pierce the corporate veil of an LLC must prove that (1) the owners controlled the LLC, (2) used their control over the LLC to engage in improper conduct, (3) and harmed the plaintiff as a result. *State ex rel. Neidig v. Superior Nat'l Ins. Co.*, 343 Or 434, 454–55 (2007).

**COMPLAINT** – Page 6 of 10

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 19 of 88

**16.**

Upon information and belief, in November 2021, defendant Eric Matson transferred personal ownership of the real property at 6402 SE 103rd Avenue to defendant 103rd Multiplex LLC. Defendant 103rd Multiplex LLC is a limited liability company organized under the laws of the state of Washington.

**17.**

Upon information and belief, defendant 103rd Multiplex LLC is owned by defendants Christopher Baird and Eric Matson.

**18.**

Upon information and belief, defendant 103rd Multiplex LLC is controlled by defendants Christopher Baird and Eric Matson.

**19.**

Upon information and belief, defendant 103rd Multiplex LLC, while under the ownership and control of defendants Christopher Baird and Eric Matson, violated various health and safety codes, as alleged in this complaint, and as confirmed by the written order from the City of Portland. *See* Exhibit 1.

**20.**

Upon information and belief, and as confirmed by the written order of the City of Portland, defendant 103rd Multiplex LLC's "failure to communicate and/or cooperate with the City to rectify the violations, knowing that residents are living under these conditions and the failure to correct upon being made aware, renders a finding that the violation was intentional." *See* Exhibit 1.

**COMPLAINT** – Page 7 of 10

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 20 of 88**

**21.**

Upon information and belief, defendant 103rd Multiplex LLC, while under the ownership and control of defendants Christopher Baird and Eric Matson, conducted regular sustained business activity in the state of Oregon.

**22.**

Upon information and belief, defendants Christopher Baird and Eric Matson failed to register defendant 103rd Multiplex LLC as a business with the Oregon Secretary of State Corporate Division as required under the laws of the state of Oregon.

**23.**

Upon information and belief, defendants Christopher Baird and Eric Matson failed to maintain a valid registered agent for defendant 103rd Multiplex LLC within the state of Oregon as required under the laws of the state of Oregon.

**24.**

Upon information and belief, defendants Christopher Baird and Eric Matson failed to maintain a valid registered agent for defendant 103rd Multiplex LLC within the state of Washington as required under the laws of the state of Washington.

**25.**

Upon information and belief, defendants Christopher Baird and Eric Matson failed to adequately capitalize and insure defendant 103rd Multiplex LLC to compensate plaintiff for the damages alleged in this complaint.

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 21 of 88**

**26.**

Upon information and belief, defendants Christopher Baird and Eric Matson's misconduct and failures to observe corporate formalities as required under applicable state laws as alleged in this complaint now stands to prejudice plaintiff's right to recover damages under ORS Chapter 90, resulting in injustice as alleged in this complaint, so that defendant 103rd Multiplex LLC is a mere instrumentality or 'alter ego' of defendants Christopher Baird and Eric Matson, and defendants Christopher Baird and Eric Matson are morally culpable for the wrongful and unlawful acts and omissions of defendant 103rd Multiplex LLC as alleged in this complaint. Plaintiff would not have rented from defendant 103rd Multiplex LLC had plaintiff known of the failures to observe corporate formalities and other wrongful and unlawful acts and omissions as alleged in this complaint. Further, defendant Christopher Baird and Eric Matson are each "landlords" under ORS 90.100(23) because the definition includes persons like defendants Christopher Baird and Eric Matson who, upon information and belief, are authorized by the property owner, defendant 103rd Multiplex LLC, to manage the premises or to enter into a rental agreement. Accordingly, plaintiff seeks a judgment declaring that this action may proceed against Christopher Baird and Eric Matson as co-defendants.

**27.**

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

**28.**

**PRAYER**

Plaintiff seeks relief against defendants as requested above, and for any other relief this Court may determine is fair. Plaintiff reserves the right to amend this complaint to adjust the claims for compensation and damages and to add claims and additional defendants, including claims for punitive damages. Some of the complaint's allegations are based in part on the memory of witnesses, which may later prove to be inaccurate in parts, and so the complaint may later be amended before trial to conform the allegations to the evidence obtained throughout the case. This complaint is made on personal knowledge as to plaintiff's actions and based on information and belief as to the actions of others.

January 13, 2023

RESPECTFULLY FILED,

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Emily Templeton, OSB No. 221744**
Of Attorneys for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
emily@underdoglawyer.com
Direct 971-352-2503

**COMPLAINT** – Page 10 of 10

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 23 of 88**




**Hearings Office**

City of Portland
1900 SW 4th Avenue, Room 3100, Portland, OR 97201  phone: 503.823.7307
www.portland.gov/omf/hearings                          fax: 503.823.4347
email: HearingsOfficeClerks@portlandoregon.gov

### HEARINGS OFFICER'S ORDER

CITY OF PORTLAND, petitioner, vs. 103RD MULTIPLEX LLC, respondent

CASE NUMBER: 2220004
(Bureau Case Number 22-126570-HS)

PROPERTY: 6402 SE 103rd Avenue

LEGAL DESCRIPTION:
SECTION 15 1S 2E, TL 5000 0.53 ACRES
City of Portland, County of Multnomah, State of Oregon

DATES OF HEARINGS: July 28, 2022 and October 4, 2022

DATE OF ORDER: October 18, 2022

HEARINGS OFFICER: Marisha Childs

## BACKGROUND

On June 29, 2022, Will Morita, Senior Housing Inspector (Inspector Morita) for the City of Portland (City) Bureau of Development Services (the Bureau), filed a City Code Violation Complaint with the Hearings Office (Exhibit 1). The complaint alleges violations of Title 29 (Property Maintenance Violations) of the Portland City Code (Code). On July 12, 2022, a Notice of Hearing (Exhibit 3) along with a copy of the Complaint (Exhibit 1), List of Violations (Attachment A in Exhibit 1), Statement of Rights (Exhibit 5) and Zoom Participation Instructions (Exhibit 4) were mailed to 103rd Multiplex LLC c/o Christopher Baird (Respondent) at the mailing address listed in the Multnomah County Tax Assessors records at PO Box 742, Brush Prairie, Washington 98606-0742. Additionally, Washington Secretary of State Corporations and Charities System provided the following addresses in association with the subject address: 1811 Main Street, Suite 205, Vancouver, Washington 98660-2681 and PO Box 2181, Vancouver, Washington 98668-2181. The documents were also mailed to the property address: 6402 SE 103rd Avenue, Portland, Oregon 97266. The documents that were mailed to Respondent were also mailed to each of the nine occupants at the subject property.

Respondent appeared at the hearing scheduled for Thursday, July 28, 2022, at 2:00 p.m. (Hearing) and testified on Respondent's behalf. Will Morita appeared at the Hearing to testify on behalf of the City. At the conclusion of the Hearing, Respondent voluntarily agreed to

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 24 of 88**

perform mitigation at the subject property including capping the existing septic tanks and establishing routine pumping with a Department of Environmental Quality (DEQ) licensed pumper. The hearing was continued to Tuesday, October 4, 2022 at 2:00 p.m.

On Tuesday, October 4, 2022, at 2:00 p.m., the hearing continued. Will Morita appeared at the Hearing to testify on behalf of the City. Three residents from the 103rd Multiplex appeared at the hearing to offer testimony: Jessica Schlesinger, Marya Rodriguez, and Leslie Willard. Respondent did not appear at the hearing.

The Hearings Officer makes this decision based upon the record as a whole, which includes Respondent's testimony and documents admitted into evidence (Exhibits 1 through 29).

In Exhibit 1 the City alleges the following violations exist at the Subject Property:

1. **CRITICAL** Health Violation: This dwelling unit lacks a required connection to a public or an approved private sewer system. In violation of Code 29.30.170.

2. Health Violation: This commercial rental property lacks adequate garbage removal service. The owner of a commercial rental property of five or greater dwelling units shall subscribe to and pay for garbage and recycling removal service by a refuse collection permittee or franchisee as defined in Chapter 17.102 of the Code of the City of Portland. In violation of Code 29.30.140.

3. Health Violation: Trash and debris have accumulated on exterior property areas. Any time limit on a City of Portland Nuisance Posting on this property takes precedence over the time limits on this Housing Code case. In violation of Code 29.30.140.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Existence of Violations

The Hearings Officer now determines whether there is substantial evidence in the record to demonstrate the existence of the violations listed in Exhibit 1. Code 29.10.020.YY defines "Owner" as follows: "The person whose name and address is listed as the owner of the property by the County Tax Assessor on the County Assessment and Taxation records." Exhibit 21 is a copy of the Multnomah County Tax Assessor's online records that provides Respondent 103rd Multiplex LLC is the owner. The Hearings Officer finds that Respondent is the Owner of the Subject Property.

Violation 1: **CRITICAL** Health Violation: *Dwelling unit lacks required connection to public/private sewer system.*

Code 29.30.170 (Plumbing Facilities) states,

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 25 of 88**

"A. Every plumbing fixture or device shall be properly connected to a public or an approved private water system and to a public or an approved private sewer system."

The evidence shows seepage of raw sewage was first identified through an inspection on November 15, 2021. A Notice of Violation – Sanitation Nuisance was issued to Respondent on December 16, 2021 (Exhibit 9).

This property does not have a record of connection to public sanitary sewer. There are no records of a septic system for this property. A complaint was received by the City of Portland regarding sewage discharging to the ground surface and plumbing fixtures backing up into one or more dwelling units on this property. The complaint was investigated by the Portland Bureau of Transportation Maintenance and Operations (PBOT MO) on November 15, 2021, at which time an estimated 25-gallon sewage seep on private property was documented. On November 25, 2021, PBOT MO again visited the property and documented an estimated sewage release of 200 gallons and a backed-up cleanout. The complaint was additionally verified by City of Portland Housing Inspector Edgar Mendez via a remote video inspection on December 7, 2021, where sewage and toilet paper were observed on the ground surface.

The Notice of Violation – Sanitation Nuisance (Exhibit 9) provided Dye Test Guidelines.

**Dye Test Guidelines**

1) Request Multnomah County Septic Sanitation to conduct a dye test by calling 503-823-7451 or emailing septic@portlandoregon.gov. A dye test puts fluorescent tracer dye into the septic system. The dye may enter the septic system inside or outside of the dwelling.

   - **Inside**: Multnomah County Sanitation must have access to a toilet and a sink that are plumbed to the property's septic system. A water source capable of running water for 30 minutes is required (a sink with running water is adequate).

   - **Outside**: Provide access to the property's septic tank(s) and/or distribution box(es). A sanitary line cleanout(s) may also be used. A water source capable of running water for 30 minutes is required. The water source should be an exterior hose with running water.

2) For up to 48 hours after the dye is put into the septic system, Multnomah County Septic Sanitation must be allowed access to the property to look for fluorescent dye breakthrough.

3) If the dye backs up into the home and/or is detected on the ground surface or discharging from a daylight pipe, the septic system is failed, and a repair septic system is required.

4) If the fixtures in the dwelling(s) drain and dye is not detected on the ground surface or discharging from a daylight pipe over the 48-hour period, the site complaint case will be closed.

Exhibit 12 below depicts the images from the dye test. The images depict a glossy sheen on the surface and the presence of testing dye is seen in the water: meaning, the septic system failed and repair is required.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 26 of 88**

 

Two of the property occupants appeared at the October 4 hearing to offer testimony. Testimony of the occupants was limited to personal observations of the violations. Both Ms. Schlesinger and Ms. Willard testified of the acrid smells around the property and no response/action by the owner.

*The Hearings Officer finds that the Bureau has proven a violation of Code 29.30.170 is supported by reliable, probative, and substantial evidence.*

Violation 2: Health Violation: *Property lacks adequate garbage removal service.*

Code 29.30.140(D) (Cleanliness and Sanitation) states,

> D. "The owner of a residential rental property of five or greater dwelling units must subscribe to and pay for recycling and garbage removal service by a refuse collection permittee or franchisee as defined in Chapter 17.102 of the Code of the City of Portland. Collection must occur at least weekly."

Violation 3: Health Violation: *Trash and debris accumulated on exterior of property.*

Code 29.30.140(A) (Cleanliness and Sanitation) states,

> A. "All exterior property areas must be maintained in a clean and sanitary condition free from any accumulation of rubbish or garbage. All household garbage must be stored in receptacles which are free from holes and covered with tight fitting lids. Receptacles must be of sufficient capacity to prevent the overflow of garbage and rubbish from occurring."

The property is described within case notes as a single-story apartment complex with four to five separate buildings and nine doors. Exhibit 11 below shows the separate buildings.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 27 of 88**



*Building 1*



*Building 2*



*Building 3*



*Building 4*

Exhibit 11 depicts overflowing rubbish receptacles.




*The Hearings Officer finds that the Bureau has proven violations of Code 29.30.140(A) and (D) is supported by reliable, probative, and substantial evidence.*

## Relief Requested

In Exhibit 1 Inspector Morita seeks the following relief:

A. Correction of the violations and compliance with City Codes and applicable Oregon Administrative Rules; respondent(s) to undertake all actions necessary or appropriate to correct such violations(s) and/or prevent recurrence.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 28 of 88**

B. Civil Penalty in the amount of $468 for cost recovery pursuant to Code Hearings Officer Rule, ARB-ADM-9.01, Section Z(1)(g); based upon two housing inspections at $184 per inspection for a total of $368 and one title report at the cost of $100. Inspection numbers are based on the original citation inspection and all subsequent inspections relating to violations at this property.

C. Respondent to cap and convert all existing septic tanks to temporary holding tanks within five days of the effective date of the Hearings Officer's Order to abate the public health hazard and environmental damage. Cap and conversion to be completed by a licensed professional and documented by photographs provided to the County Sanitarian for approval at septic@portlandoregon.gov.

D. Respondent to establish routine pumping and monitoring service for temporary holding tanks with a DEQ licensed pumper within five days of the effective date of the Hearing Officer's Order. Proof of signed pumping contract to be submitted for acceptance by County Sanitarian at septic@portlandoregon.gov.

E. Respondent failure to meet requirements of items C or D to result in City vacation of the property.

F. Respondent failure to maintain adequate pumping and monitoring of temporary holding tanks resulting in overflow, spill, or other unauthorized discharge of sewage to result in City vacation of the property.

G. Respondent shall be permitted, by mutual agreement between tenant and respondent, to voluntarily relocate tenants of the property to mitigate waste production and reduce public health risk. Respondent to be responsible for relocation costs and assistance for voluntary relocation.

H. Respondent to obtain required sewer connection permits within 30 days of the effective date of the Hearing Officer's Order. Failure to meet this deadline to result in additional penalties of $5,000, based on factors listed in the Hearings Officer Rule ARB-ADM-9.01, Section Z (1).

I. Respondent to complete sewer connection and septic decommissioning with final permit approval within 60 days of the effective date of the Hearing Officer's Order. Failure to meet this deadline to result in additional penalties of $10,000, based on factors listed in the Hearings Officer Rule ARB-ADM-9.01, Section Z (1).

J. Correction of all remaining (non-sewer/septic) Title 29 violations within 15 days of the effective date of the Code Hearings Officer's Order. Failure to meet this deadline to result in additional penalties of $5,000, based on factors listed in the Hearings Officer Rule ARB-ADM-9.01, Section Z (1).

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 29 of 88**

K. Water, electric, and garbage service to be maintained continuously throughout the jurisdiction of the Code Hearings Officer's Order unless property is proven to be vacant and secure. Failure to meet this condition to result in vacation of the property.

L. Costs incurred by any bureau of the City, including but not limited to, Bureau of Development Services and Portland Housing Bureau, for tenant relocation assistance to result in additional civil penalty for cost recovery pursuant to Code Hearings Officer Rule, ARB-ADM-9.01, Section Z(1)(g).

M. City "Vacation of the Property" to mean termination of all occupancy at the property and prohibition of access to prevent re-occupancy. The City to be authorized to perform any or all of the following actions as necessary; Vacation to include security board-up of all windows, doors, and points of access to restrict entry; Vacation to include the primary dwelling, all structures, any campers, trailers, sheds, tents, or bare ground, and to include removal of any unauthorized persons on the property; Vacation to include the removal or towing of any camping structures, temporary living structures, or any motor vehicle or vessel which may be used for shelter, such as tents, motor homes, trailers, pickup campers, cars, boats, or storage containers; Vacation to include draining and covering of any swimming pools or ponds so as to prevent accumulations of stagnant water; Vacation to include installation of temporary security fencing as appropriate to deter unauthorized access of the property structures and grounds. Property shall remain vacant and boarded to prevent unauthorized entry until the violations in Portland Hearings Office Case #2220004, Bureau Case #22-126570-HS, Exhibit 1, Page 2 of 4 are corrected. In the event the City confirms unauthorized entry, while the vacation order is in effect, and/or removal of security board up, the City shall be authorized to summarily board up and secure the property until the vacation order is no longer in effect. Per Portland City Code (PCC) 29.60.070, in order to secure the property and maintain it against entry, the City shall be authorized to summarily board up the property.

N. Recurrence of violations: If, during the Hearings Officer's jurisdiction of this case, Nuisance or Housing Code violations reoccur, summary abatement at the property is authorized, per PCC 29.60.070 and 29.20.030. In order to secure the property and maintain it against nuisance violations, the City shall be authorized to summarily abate the conditions without notice. This applies to an accumulation of trash and debris or non-trash on the property, overgrowth of grass and weeds, disabled vehicles, unsecured structures, and the presence of motor homes or trailers, or other PCC Title 29 violations.

O. Penalties and fees incurred under the Hearings Officer's Order shall be processed per PCC 22.06.010 and liens applied through the Hearings Office.

P. Hearings officer to retain jurisdiction in this case for a period of three years.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 30 of 88**

*The Hearings Officer finds all of the requested relief is appropriate and reasonable and shall be set forth in the Order.*

## ANALYSIS

At the conclusion of the initial hearing, Respondent seemingly accepted responsibility for the violations and shared his connection to a plumbing family and an understanding of the issues. After making admissions to the violations, Respondent expressed a willingness to correct the violations, but simply needed additional time to coordinate logistics of getting the work scheduled and completed. Fast forward to October and evidence has shown nothing has been completed at the target location.

The City requests additional civil penalties based on the aggravating factors listed in Code Hearings Officer rules ARB-ADM-9.01(Z)(1). The factors that are supported by evidence within the record will be addressed.

ADM-9.01(Z)(1)(b) *cooperation*: Respondent has been uncooperative and has made little to no feasible steps to correct the violation.

ADM 9.01(Z)(1)(c) *gravity/magnitude*: The gravity of the violation has been significant and continuous since December, impacting persons and property around the area.

ADM-9.01(Z)(1)(d) *intention*: Although the violation may not have begun as intentional acts, Respondent's failure to communicate and/or cooperate with the City to rectify the violations, knowing that residents are living under these conditions and the failure to correct upon being made aware, renders a finding that the violation was intentional.

ADM-9.01 (Z)(1)(e) *degree of difficulty*: Respondent testified at the hearing in July that he was familiar with what the precise violation was and what specifically the City requested of him. Respondent expressed difficulty not with the task itself, rather difficulty scheduling with a contractor to perform the work. In response, Respondent was granted a continuance. Respondent was given an exceptional amount of time and an equally exceptional opportunity to complete the work that was requested and has not offered any explanation why completion was not possible.

ADM-9.09(Z)(1)(g) *cost to City*: The Complaint requests civil penalties for cost recovery in the amount of $468.

Pursuant to Code 29.60.070 (Vacating Structures) states,

> "A.  Any structure found to be in violation of Chapter 29.30 […] to such an extent as to be a hazard […] may be vacated, secured, and maintained against entry[.]"

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 31 of 88**

This Hearings Officer finds leakage of raw sewage into Johnson Creek creates a hazardous condition that causes imminent danger to the health and safety of the public. Respondent has been unwilling to work toward resolution when the gravity of the violation has been evident and continuous for the past three months. The evidence showed that a Representative for Respondent had been in contact with Goodman Sanitation Company regarding pumping and capping of the septic but then, on August 30, 2022, in an email, Respondent withdrew authorization to perform pumping. (See Exhibit 28).

As such, the Hearings Officer is imposing all the penalties requested. The violations have been ongoing and present a serious health hazard which creates an endangering condition, pursuant to Code 29.20.020. Respondent has had opportunity and ability to correct the deficiency and has opted not to and has offered no justification for that decision. This Hearings Officer finds Respondent has acted negligently in failing to correct the violations. As is stated *supra*, the violations which exist at the subject property are imminently dangerous to the health and safety of the public. Pursuant to Code 22.03.100, the final order will be effective upon signing.

## ORDER AND DETERMINATION:

1.  Respondent shall correct all violations set forth in Exhibit 1 and shall undertake all actions necessary to prevent recurrence of the violations. Pursuant to Code 22.03.100, the continuation of the violations creates a situation which is imminently dangerous to the health and safety of any person or the public, creating an endangering condition pursuant to 29.20.020. As such, this Order is effective upon signing of this Order. Violations not corrected within the time frame stated shall incur additional penalties, as set forth below.

2.  Pursuant to Code 22.05.010(A)(5), a civil penalty in the amount of $468 is imposed for cost recovery. Said penalty is due and payable immediately. If not paid by 4:30 p.m. on the effective date, October 18, 2022, the penalty shall be made a lien against the Subject Property on October 19, 2022.

3.  Respondent shall cap and convert all existing septic tanks to temporary holding tanks as of the effective date of this Order to abate the public health hazard and environmental damage.

4.  Respondent shall establish routine pumping and monitoring as of the effective date of this Order.

5.  Vacation of property is Ordered. City "Vacation of the Property" means termination of all occupancy at the property and prohibition of access to prevent re-occupancy. The City is authorized to perform any or all of the following actions as necessary: Vacation to include security board-up of all windows, doors, and points of access to restrict entry; Vacation to include the primary dwelling, all structures, any campers, trailers,

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 32 of 88**

sheds, tents, or bare ground, and to **include removal of any unauthorized persons on the property;** Vacation to include the removal or towing of any camping structures, temporary living structures, or any motor vehicle or vessel which may be used for shelter, such as tents, motor homes, trailers, pickup campers, cars, boats, or storage containers; Vacation to include draining and covering of any swimming pools or ponds so as to prevent accumulations of stagnant water; Vacation to include installation of temporary security fencing as appropriate to deter unauthorized access of the property structures and grounds. Property shall remain vacant and boarded to prevent unauthorized entry until the violations are corrected. In the event the City confirms unauthorized entry, while the vacation order is in effect, and/or removal of security board up, the City shall be authorized to summarily board up and secure the property until the vacation order is no longer in effect. Per PCC 29.60.070, in order to secure the property and maintain it against entry, the City shall be authorized to summarily board up the property.

6. Respondent shall maintain water, electric, and garbage service throughout the jurisdiction of the Code Hearings Officer's Order unless property is proven to be vacant and secure.

7. Respondent shall be permitted, by mutual agreement between tenant and Respondent, to voluntarily relocate tenants of the property to mitigate waste production and reduce public health risk. Respondent to be responsible for relocation costs and assistance for voluntary relocation.

8. Pursuant to Code 22.05.010(A)(5), a civil penalty in the amount of $5000 for Respondent's failure to obtain required sewer connection permits shall be imposed. Respondent is ordered to obtain the required sewer connection permits on the effective date of this Order. Said penalty is due and payable immediately. If not paid by 4:30 p.m. on the effective date, October 18, 2022, the penalty shall be made a lien against the Subject Property on October 19, 2022.

9. Pursuant to Code 22.05.010(A)(5), a civil penalty in the amount of $10,000 for failure to complete sewer connection and septic decommissioning shall be imposed. Respondent is ordered to complete sewer connection and septic decommissioning as of the effective date of this Order. Said penalty is due and payable immediately. If not paid by 4:30 p.m. on the effective date, October 18, 2022, the penalty shall be made a lien against the Subject Property on October 19, 2022.

10. Pursuant to Code 22.05.010(A)(5), a civil penalty in the amount of $5000 for failure to correct remaining non-sewer/septic Title 29 violations shall be imposed. Respondent is ordered to correct remaining non-sewer/septic Title 29 violations as of the effective date of this Order. Said penalty is due and payable immediately. If not paid by 4:30 p.m. on the effective date, October 18, 2022, the penalty shall be made a lien against the Subject Property on October 19, 2022.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 33 of 88**

11. Respondent to maintain water, electric, and garbage service continuously throughout the jurisdiction of this Order unless the property is proven to be vacant and secure.

12. If, during the Hearings Officer's jurisdiction of this case, nuisance or Housing Code violations reoccur, summary abatement at the property is authorized, per Code 29.60.070 and 29.20.030. In order to secure the property and maintain it against nuisance violations, the City shall be authorized to summarily abate the conditions without notice. This applies to an accumulation of trash and debris or non-trash on the property, overgrowth of grass and weeds, disabled vehicles, unsecured structures, and the presence of motor homes or trailers, or other Title 29 violations.

13. Respondent failed to perform any of the actions necessary to correct the violations, therefore any occupants shall be required to vacate the Subject Property in its entirety by November 17, 2022, and the City shall, without further action by the Hearings Officer, be authorized to enter the Subject Property (including any buildings/improvements located thereon) for the purposes of conducting one or more inspections and to summarily board-up structures, improvements, remove vehicles, and restrict unauthorized access; such right is given to the City without the need to give Respondent or occupants any prior notice and without the need of a warrant. Vacation to include installation of temporary security fencing as appropriate to deter unauthorized access of the property structures and grounds. The City shall also have the right to remove any occupied portable/movable temporary structure (i.e., tents and motorhomes). This right to inspect and summarily board-up improvements shall continue, after November 17, 2022, so long as Respondent remains in violation. The right to inspect includes the City's right to enter upon the Subject Property to view the interior of structures/ improvements and exterior portions of the Subject Property.

14. For each month that all violations on Exhibit 1 have not been corrected, a $30,000 ($1000/day) civil penalty will occur, and a lien filed. The Bureau of Development Services (BDS) shall file monthly status reports verifying the violations to the Hearings Office.

15. Correction of violations, for the purposes of interpreting this Order, shall mean all the following steps have been completed:

    a. Respondents shall request for each violation alleged to have been corrected, an inspection by a City (BDS) inspector;
    b. A City (BDS) inspector physically appears at the Subject Property and is given permission to inspect the violation(s) that are alleged to have been corrected; and
    c. A City (BDS) inspector submits a written document to the Hearings Officer confirming that one/more of the violations on Exhibit 1 have been corrected.

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 34 of 88**

16. The City shall have the right to seek one or more Supplemental Orders whereby the Hearings Officer assesses additional civil penalties arising from inspections, vacation(s), security board-up(s), or summary nuisance abatement(s) at the Subject Property. The City shall process all requests for additional civil penalties and/or liens per Code 22.06.010. Any unpaid additional civil penalties assessed under this paragraph shall become liens against the Subject Property.

17. This Order has been mailed to the parties on October 18, 2022, and shall become final and effective on October 18, 2022, pursuant to Code 22.03.100.

18. The Hearings Officer retains jurisdiction over this case until October 17, 2025, and in accordance with Code 22.03.100, unless the City or Respondent (or a successor in interest) requests in writing that the case remain open past October 17, 2025, the case shall be closed on October 20, 2025.

19. Pursuant to Code 22.03.115, either party may file a petition for reconsideration or rehearing on a final order with the Code Hearings Officer within 30 calendar days after the order is mailed. To be considered, the petition must set forth the specific ground(s) for requesting the reconsideration or rehearing.

20. This Order may be appealed to a court of competent jurisdiction pursuant to ORS 34.010 et seq.

Dated: October 18, 2022

*Marisha Childs*
_____
Marisha Childs, Hearings Officer

MC:c1

Enclosure

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 35 of 88**



# Hearing Office

City of Portland

1900 SW 4th Avenue, Room 3100, Portland, OR 97201

www.portlandoregon.gov/hearings

email: HearingsOfficeClerks@portlandoregon.gov

phone: 503.823.7307
fax: 503.823.4347



## Exhibits, Orders, and Other Attachments

| Number | Title | Status |
|---|---|---|
| Exhibit 1 | Complaint | Accepted |
| Exhibit 2 | Code Hearing Request | Accepted |
| Exhibit 3 | Hearing Notice | Accepted |
| Exhibit 4 | Zoom Participation Instructions | Accepted |
| Exhibit 5 | Statement of Rights and Procedures | Accepted |
| Exhibit 6 | HS Violation Letter | Accepted |
| Exhibit 7 | HS Additional Violation Letter | Accepted |
| Exhibit 8 | HS Violation Letter CHO Referral | Accepted |
| Exhibit 9 | Septic Notice of Violation DEC 2021 | Accepted |
| Exhibit 10 | Septic Notice of Violation APR 2022 | Accepted |
| Exhibit 11 | Inspection Photos 3/15/22 | Accepted |
| Exhibit 12 | Contractor Dye Test Photos | Accepted |
| Exhibit 13 | Aerial Photo | Accepted |
| Exhibit 14 | Drainage Diagram | Accepted |
| Exhibit 15 | HS Case Notes | Accepted |
| Exhibit 16 | SC Case Notes | Accepted |
| Exhibit 17 | BES Spill Response Complaint NOV 21 | Accepted |
| Exhibit 18 | BES Spill Response Doc 1 | Accepted |
| Exhibit 19 | BES Spill Response Doc 2 | Accepted |
| Exhibit 20 | Business Registry Printout - Ownership | Accepted |
| Exhibit 21 | Multnomah Property Record Printout - Ownership | Accepted |
| Exhibit 22 | OEM/DEQ Complaint | Accepted |
| Exhibit 23 | Certification of Service | Accepted |
| Exhibit 24 | Continued Hearing Notice | Accepted |
| Exhibit 25 | Continued Hearing Zoom Participation Instructions | Accepted |
| Exhibit 26 | Updated Occupant Addresses Email From Morita | Accepted |
| Exhibit 27 | Continued Hearing Return of Service | Accepted |
| Exhibit 28 | Email chain with Pumper | Accepted |
| Exhibit 29 | Email No Actions Communicated | Accepted |

**EXHIBIT 1 TO**

**NOTICE OF REMOVAL**

**Page 36 of 88**



# Your Right to Appeal the Hearings Officer's Decision

If you disagree with the Hearings Officer's Decision, you may file a petition with the Multnomah County Circuit Court. This process is called a Writ of Review. This process is governed by Oregon Revised Statutes Section 34.010 and Sections immediately thereafter.

If you have procedural questions about the Writ of Review process, please contact:

Multnomah County Circuit Court
Presiding Judge
1200 SW 1st Avenue, 7th Floor
Portland, OR 97204
971-274-0660 (Writs)
mul.presiding@OJD.state.or.us
https://www.courts.oregon.gov/courts/multnomah

## NOTICE

**The Hearings Office cannot provide any legal advice or assist with appealing the Hearings Officer's decision.**

If you wish to speak to a lawyer or are unsure whether you need to speak with a lawyer, please contact the Oregon State Bar Lawyer Referral Service at
(503) 684-3763 or https://www.osbar.org/public/ris/

Legal resources for low-income individuals and seniors in Oregon may be found at
https://oregonlawhelp.org

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 37 of 88**

## AFFIDAVIT OF NON-SERVICE

### IN THE CIRCUIT COURT OF THE STATE OF OREGON
### IN AND FOR THE COUNTY OF MULTNOMAH

Case Number: 23CV00328

Plaintiff:
**Jessica Schlesinger**

vs.

Defendant:
**103rd Multiplex LLC**

Service Documents:
Intro Letter, Summons, Complaint,
Amended Complaint, RFA,RFP, First
Supplemental RFP Corp Depo Notice,
Payment Terms and Conditions

Received by PI Services LLC to be served on **103rd Multiplex LLC c/o Registered Agent Christopher Baird or Eric Matson, 714 W. 21st St., Vancouver, WA 98660**.

I, John Porter, being duly sworn, depose and say that on the **20th day of January, 2023** at **8:25 am, I:**

**NON-SERVED** the within named documents for the reason that I was unable to obtain service on **103rd Multiplex LLC c/o Registered Agent Christopher Baird or Eric Matson** at the address provided because the information found does not indicate the servee resides at this address.

**Additional Information pertaining to this Service:**
1/17/2023  7:52 pm  Attempted Service. No answer, no lights inside.
1/15/2023  5:25 pm  Attempted Service. No answer, no lights inside, package at front door.
1/19/2023  8:42 am  Attempted Service. No answer, no light.
1/19/2023  8:37 pm  Attempted Service. No answer, lights on inside, package missing, head people inside.
1/20/2023  8:25 am  Attempted Service. Talk to female in front yard, said she does not know name. I also asked about Eric Matson.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. I certify that I am a competent person over the age of 18, a resident of the State of Washington, and not an interested party in the above-entitled action and the person, firm or corporation served by me is the identical person, firm or corporation named in the action. Signed at Vancouver, WA this _26_ day of January, 2023.



**John Porter**
Process Server# 4858389

Subscribed and Sworn to before me on the _26_
day of _January_, _2023_ by the affiant
who is personally known to me.

**PI Services LLC**
**PO Box 157**
**Beaverton, OR 97075**
**(503) 643-4274**

NOTARY PUBLIC



Our Job Serial Number: OSO-2023000103

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 38 of 88**

## AFFIDAVIT OF SERVICE

**State of Oregon**          **County of Multnomah**          **Circuit Court**

Case Number: 23CV00328

Plaintiff: **Jessica Schlesinger**
vs.
Defendant: **103rd Multiplex LLC**


OSO2023000122

For:
Michael Fuller
Olsen Daines
111 SW 5th Ave.
Suite 3150
Portland, OR 97204

Received by PI Services, LLC on the 20th day of January, 2023 at 12:22 am to be served on **Christopher Baird, 4112 Royal Palm Dr., Bradenton, FL 34210.**

I, Steven T. Zawacki, being duly sworn, depose and say that on the **23rd day of January, 2023 at 5:35 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **Intro Letter, Summons, Complaint, Amended Complaint, RFA,RFP, First Supplemental RFP Corp Depo Notice, Payment Terms and Conditions** with the date and hour of service endorsed thereon by me, to: **CRYSTAL BAIRD as SPOUSE** at the address of: **4112 Royal Palm Dr., Bradenton, FL 34210,** the within named person's usual place of **Abode,** who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.
On 1/25/23 I mailed a copy of this proof of service and a copy of the service documents by first class mail to the defendant at the above address.

**Description** of Person Served: Age: 42, Sex: F, Race/Skin Color: WHITE, Height: 5'3", Weight: 120, Hair: BLONDE, Glasses: N

I am over the age of 18 and have no interest in the above action.I am certified in good standing in the judicial circuit in which the process was served.  No notary required pursuant to FS92.525.2 and under penalty of perjury, I declare that the facts set forth are true and correct.

Subscribed and Sworn to before me on the 25th day of January, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC

Shelly Huffman
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG973307
Expires 4/28/2024

Steven T. Zawacki
#283

PI Services, LLC
P.O. Box 157
Beaverton, OR 97075
(503) 643-4274

Our Job Serial Number: OSO-2023000122

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 39 of 88**

Served Date 1-23-25
Served Time 5:35
Server Gu I.D.# 253

Crystal
Bair
cr.Er

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **JESSICA SCHLESINGER** | Case No. 23CV00328 |
| Plaintiff | **SUMMONS** |
| vs | |
| **103RD MULTIPLEX LLC** and **CHRISTOPHER BAIRD** and **ERIC MATSON** | |
| Defendants | |

To     **Christopher Baird**
       **4112 Royal Palm Drive**
       **Bradenton, FL 34210**

**SUMMONS** – Page 1 of 3

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 40 of 88

## NOTICE TO DEFENDANT:

## READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

January 13, 2023

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**SUMMONS** – Page 2 of 3

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 41 of 88

STATE OF OREGON          )
                         ) ss:
County of Multnomah      )

I, the undersigned attorney of record for plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled cause.


January 13, 2023


                              /s/ Michael Fuller
                              **Michael Fuller, OSB No. 09357**
                              Lead Trial Attorney for Plaintiff
                              Olsen Daines
                              US Bancorp Tower
                              111 SW 5th Ave., Suite 3150
                              Portland, Oregon 97204
                              michael@underdoglawyer.com
                              Direct 503-222-2000



TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service upon a document which you shall attach hereto.


January 13, 2023


                              /s/ Michael Fuller
                              **Michael Fuller, OSB No. 09357**
                              Lead Trial Attorney for Plaintiff
                              Olsen Daines
                              US Bancorp Tower
                              111 SW 5th Ave., Suite 3150
                              Portland, Oregon 97204
                              michael@underdoglawyer.com
                              Direct 503-222-2000

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 42 of 88

Verified Correct Copy of Original 3/9/2023.

FILED

23 MAR -9 PM 2:17

JUDICIAL DIST.

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSICA SCHLESINGER, | Case No. 23CV00328 |
| Plaintiff, | DEFENDANT 103RD MULTIPLEX LLC'S UNOPPOSED MOTION TO EXTEND RESPONSE DEADLINE |
| v. | EX PARTE |
| 103RD MULTIPLEX LLC, and CHRISTOPHER BAIRD, and ERIC MATSON, | Date: March 9, 2023 |
| | Time: 1:30 p.m. |
| | Dept.: 7A |
| Defendants. | Judge: Hon. Judith Matarazzo |

Defendant 103RD MULTIPLEX LLC hereby moves for an extension until Thursday, March 23, 2023 for Defendant to respond to Plaintiff's Request for Admission to Defendant. Plaintiff's counsel has been informed of this motion and does not object.

DATED this 9th Day of March, 2023.

Respectfully Submitted:

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
Gregory L. Baird, OSB No. 922212
gbaird@gordon-polscer.com

*Attorney for Defendant*
*103rd Multiplex LLC*

DEFENDANT 103RD MULTIPLEX LLC'S
UNOPPOSED MOTION TO EXTEND RESPONSE
DEADLINE - Page 1

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 43 of 88

Verified Correct Copy of Original 3/9/2023.

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I served on the following attorney(s) the foregoing **DEFENDANT 103RD MULTIPLEX LLC'S UNOPPOSED MOTION TO EXTEND RESPONSE DEADLINE** in the manner described below:

| | | |
|---|---|---|
| Michael Fuller<br>michael@underdoglawyer.com<br>Telephone (Direct): (503) 222-2000 | ☐<br>☐<br>☐<br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file** |
| Emily Templeton<br>emily@underdoglawyer.com<br>Telephone (Direct): (971) 352-2503 | <br>☑ | **and Serve**<br>**E-mail** |
| OLSENDAINES<br>US Bancorp Tower<br>111 SW 5th Avenue, Suite 3150<br>Portland, Oregon 97204 | | |
| *Attorneys for Plaintiff Jessica Schlesinger* | | |

I further certify that I filed the foregoing document with the Clerk of the Court using the Odyssey e-filing system.

DATED this 9th Day of March, 2023.

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
    Gregory L. Baird, OSB No. 922212
    gbaird@gordon-polscer.com

*Attorney for Defendant*
*103rd Multiplex LLC*

CERTIFICATE OF SERVICE
Page 1

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 44 of 88

Verified Correct Copy of Original 3/9/2023.

FILED

23 MAR -9 PM 2:17

JUDICIAL DIST.

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| JESSICA SCHLESINGER, | ) | Case No. 23CV00328 |
| Plaintiff, | ) ) ) | ORDER ON DEFENDANT 103RD MULTIPLEX LLC'S UNOPPOSED MOTION TO EXTEND RESPONSE |
| v. | ) ) | DEADLINE |
| 103RD MULTIPLEX LLC, and CHRISTOPHER BAIRD, and ERIC MATSON, | ) ) ) | EX PARTE |
| | ) ) | Date:     March 9, 2023 Time:     1:30 p.m. |
| Defendants. | ) ) | Dept.:    7A Judge:    Hon. Judith Matarazzo |

This matter came before the court on Defendant 103RD MULTIPLEX LLC's Ex Parte Motion to Extend Response Deadline. The Court having considered the motion, the supporting documents, and the record,

ORDER ON DEFENDANT 103RD MULTIPLEX LLC'S UNOPPOSED MOTION TO EXTEND RESPONSE DEADLINE - Page 1

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO NOTICE OF REMOVAL
Page 45 of 88

Verified Correct Copy of Original 3/9/2023.

1    HEREBY ORDERS that, notwithstanding any deadline that may apply according to

2  statute, rule, or otherwise, the Defendant 103RD MULTIPLEX LLC shall not be required to

3  respond before Thursday, March 23, 2023, to Plaintiff's Requests for Admission to Defendant.

4

5

6

7

8                                    _Juan Matarazzo_

9                                    3 -9- 23

10

11

12  Respectfully Submitted:

13  **GORDON & POLSCER, L.L.C.**

14  By: _s/ Gregory L. Baird_
         Gregory L. Baird, OSB No. 922212
15       gbaird@gordon-polscer.com

16  _Attorney for Defendant_
     _103rd Multiplex LLC_
17

18

19

20

21

22

23

24

25

26

ORDER ON DEFENDANT 103RD MULTIPLEX
LLC'S UNOPPOSED MOTION TO EXTEND
RESPONSE DEADLINE - Page 2

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 46 of 88

_Verified Correct Copy of Original 3/9/2023._

## CERTIFICATE OF COMPLIANCE WITH UTCR 5.100

I hereby certify that I complied with UTCR 5.100 with respect to the Order to which this certificate is attached by doing the following:

**This proposed Order is ready for judicial signature because:**

1. [ ] Each party affected by this Order has stipulated to the Order, as shown by opposing party's signature on the Stipulation being submitted herein concurrently.

**2. [X] Each party affected by this Order has approved the Order by written confirmation of approval sent to me.**

**3. [X] I have served a copy of this Order on all parties entitled to service and:**

**a. [X] No objection has been served on me.**

b. [ ] I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.

c. [ ] After conferring about objections, [role and name of objecting party] agreed to independently file any remaining objection.

4. [ ] Service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise.

5. [ ] This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection (5) of this rule.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CERTIFICATE OF COMPLIANCE WITH UTCR
5.100 - Page 1

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 47 of 88

Verified Correct Copy of Original 3/9/2023.

1    / / /

2    6. [ ]    Other:_____.

     DATED this 9th Day of March, 2023.

3

4                                    **GORDON & POLSCER, L.L.C.**

5                                    By: *s/ Gregory L. Baird*_____
                                         Gregory L. Baird, OSB No. 922212
6                                        gbaird@gordon-polscer.com

7                                    *Attorney for Defendant*
                                     *103rd Multiplex LLC*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF COMPLIANCE WITH UTCR
5.100 - Page 2

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

**EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 48 of 88**

Verified Correct Copy of Original 3/9/2023.

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I served on the following attorney(s) the foregoing **ORDER ON DEFENDANT 103RD MULTIPLEX LLC'S UNOPPOSED MOTION TO EXTEND RESPONSE DEADLINE** in the manner described below:

| | | |
|---|---|---|
| Michael Fuller<br>michael@underdoglawyer.com<br>Telephone (Direct): (503) 222-2000 | ☐<br>☐<br>☐<br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve** |
| Emily Templeton<br>emily@underdoglawyer.com<br>Telephone (Direct): (971) 352-2503 | ☑ | **E-mail** |
| OLSENDAINES<br>US Bancorp Tower<br>111 SW 5th Avenue, Suite 3150<br>Portland, Oregon 97204 | | |
| *Attorneys for Plaintiff Jessica Schlesinger* | | |

I further certify that I filed the foregoing document with the Clerk of the Court using the Odyssey e-filing system.

DATED this 9th Day of March, 2023.

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
    Gregory L. Baird, OSB No. 922212
    gbaird@gordon-polscer.com

*Attorney for Defendant
103rd Multiplex LLC*

CERTIFICATE OF SERVICE
Page 1

GORDON & POLSCER, LLC
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 49 of 88

1
2
3
4

IN THE CIRCUIT COURT OF THE STATE OF OREGON

5

FOR THE COUNTY OF MULTNOMAH

6

| | |
|---|---|
| JESSICA SCHLESINGER, | Case No. 23CV00328 |
| Plaintiff, | DEFENDANT 103RD MULTIPLEX LLC'S ANSWER TO PLAINTIFF'S COMPLAINT – FIRST AMENDED |
| v. | Prayer:    $2.5 million |
| 103RD MULTIPLEX LLC, and CHRISTOPHER BAIRD, and ERIC MATSON, | Authority:  ORS 21.160(1)(d) Filing Fee:  $884.00 |
| Defendants. | (Claim Not Subject to Mandatory Arbitration) |

7
8
9
10
11
12
13
14

15      In response to Plaintiff's Complaint – First Amended, Defendant 103rd Multiplex LLC

16 ("Defendant") hereby denies all allegations therein except as expressly admitted below:

17 <div align="center">1.</div>

18      To the extent a response is required in response to Paragraph 1 of Plaintiff's Complaint,

19 Defendant lacks sufficient knowledge or information to admit or deny the allegations.

20 <div align="center">2.</div>

21      Defendant denies the allegations contained in Paragraph 2.

22 <div align="center">3.</div>

23      Defendant denies Paragraph 3. On information and belief, Plaintiff lived from February

24 to November 2022 at 6410 SE 103rd Avenue, Unit # 8, in Portland, Oregon.

25 / / /

26

DEFENDANT 103RD MULTIPLEX LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - Page 1

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 50 of 88

**4.**

In response to Paragraph 4, Defendant asserts that ORS 90.100(47) statute speaks for itself, and that no response is required to the extent the allegation asserts a legal conclusion. To the extent a response is required, Defendant denies that ORS 90.100(47) defines the term "tenant" but admits that Plaintiff was a tenant as defined by ORS 90.100(48) from February of 2022 to November of 2022.

**5.**

In response to Paragraph 5, Defendant asserts that ORS 90.100(23) speaks for itself, and that no response is required to the extent the allegation asserts a legal conclusion. To the extent a response is required, Defendant admits 103rd Multiplex LLC is the owner of the subject property.

**6.**

In response to Paragraph 6, Defendant admits that certain duties exist under applicable landlord-tenant law and that such laws speak for themselves. Defendant denies that the premises were not maintained in a safe condition.

**7.**

With respect to Paragraph 7, Defendant admits that the sewer lines at the premises were not connected to the public sewer system because it was a septic system, and that the City of Portland concluded that some sewage had seeped into Johnson Creek. Defendant denies the remaining allegations contained in Paragraph 7.

**8.**

Defendant denies the allegations contained in Paragraph 8.

**9.**

Defendant denies the allegations contained in Paragraph 9.

**10.**

In response to Paragraph 10, Defendant states that the "Hearing Officer's Order" attached as Exhibit 1 to Plaintiff's Complaint speaks for itself. Defendant denies Plaintiff's description of

DEFENDANT 103RD MULTIPLEX LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - Page 2

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 51 of 88

Gordon Rees Scully Mansukhani
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

1   the contents of the Order. Additionally, Defendant denies that Plaintiff was constructively ousted

2   from her home and any other allegations contained therein.

3                                 11.

4        In response to Paragraph 11, Defendant asserts that Exhibit 1 speaks for itself.

5                                 12.

6   Defendant admits the allegations contained in Paragraph 12.

7                                 13.

8   Defendant denies the allegations contained in Paragraph 13.

9                                 14.

10       In response to Paragraph 14, Defendant asserts that ORS 90.375 speaks for itself, and

11   denies the other allegations contained therein.

12                                 15.

13       Paragraph 15 asserts legal conclusions to which no response is required. To the extent a

14   response is required, Defendant denies the allegations contained therein as they relate to

15   Defendant.

16                                 16.

17       In response to Paragraph 16, Defendant admits that it is a limited liability company

18   organized under the laws of the State of Washington and that ownership of the subject property

19   was transferred to it in November of 2021.

20                                 17.

21   Defendant denies the allegations contained in Paragraph 17.

22                                 18.

23   Defendant denies the allegations in Paragraph 18.

24

25   / / /

26

DEFENDANT 103RD MULTIPLEX LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - Page 3

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 52 of 88

19.

With respect to Paragraphs 19, Plaintiff's Exhibit 1, the City of Portland Hearings Officer's Order, speaks for itself. Defendant otherwise denies any allegations remaining in Paragraph 19.

20.

In response to Paragraph 20, Defendant asserts that Exhibit 1, the City of Portland Hearings Officer's Order, speaks for itself. Defendant otherwise denies any allegations remaining in Paragraph 20.

21.

In response to Paragraph 21, Defendant admits that it owned the subject property and rented it to Oregon tenants, but denies the remainder.

22.

In response to Paragraph 22, Defendant admits that it did not register as a business with the Oregon Secretary of State Corporate Division, but denies that it was under any requirement to do so.

23.

In response to Paragraph 23, Defendant admits that it did not maintain a registered agent within the State of Oregon, but denies that it was under any requirement to do so.

24.

Defendant denies the allegations contained in Paragraph 24.

25.

Defendant denies the allegations contained in Paragraph 25.

26.

To the extent Paragraph 26 sets for legal conclusions, no response is required. To the extent a response is required, Defendant denies all allegations contained therein as they apply to Defendant.

DEFENDANT 103RD MULTIPLEX LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - Page 4

GORDON REES SCULLY MANSUKHANI, LLP
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 53 of 88

27.

Paragraph 27 sets forth no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant denies all allegations contained therein as they apply to Defendant.

28.

Defendant denies all allegations contained in Paragraph 28, and specifically denies that Plaintiff is entitled to any requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which the Plaintiff bears such burden and without waiving any specific denials set forth above, Defendant asserts the following affirmative defenses:

29.

**(Failure to Mitigate)**

Plaintiff's claims may be barred and/or limited to the extent Plaintiff failed to mitigate, minimize, or otherwise avoid damages allegedly sustained, and any recovery against Defendant must be reduced accordingly.

30.

**(Failure to Provide Proper Notice)**

Plaintiff's claims may be barred or limited to the extent Plaintiff failed to give proper notice of the alleged conditions.

31.

**(Intervening/Superseding Causes)**

Plaintiff's claims may be barred or limited to the extent the alleged conditions were caused in whole or in part by third-party actors or others.

DEFENDANT 103RD MULTIPLEX LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - Page 5

GORDON REES SCULLY MANSUKHANI, LLP
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 54 of 88

1    32.

2    **(Failure to State a Claim)**

3    Plaintiff's Amended Complaint fails to allege ultimate facts sufficient to constitute a

4    claim for relief.

5    33.

6    **(Lack of Personal Jurisdiction)**

7    This Court lacks personal jurisdiction over 103rd Multiplex LLC, a Washington LLC.

8    34.

9    **(Failure to Act in Good Faith)**

10   Plaintiff's claims may be barred and/or limited to the extent Plaintiff failed to act in good

11   faith as required by ORS 90.130.

12

13   WHEREFORE, Defendant 103rd Multiplex LLC prays for judgment in its favor as follows:

14   a.  A general judgment of dismissal with prejudice of all Plaintiff's claims against

15       Defendant;

16   b.  For Defendant's costs and disbursements incurred herein; and

17   c.  Any other award or form of relief this court deems just and proper.

18   DATED this 23rd Day of March, 2023.

19                                   Respectfully Submitted:

20                                   **GORDON & POLSCER, L.L.C.**

21                                   By: *s/ Gregory L. Baird*
                                         Gregory L. Baird, OSB No. 922212
22                                       gbaird@gordon-polscer.com

23                                   *Attorney for Defendant*
                                     *103rd Multiplex LLC*

24

25

26

DEFENDANT 103RD MULTIPLEX LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT - Page 6

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 55 of 88

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I served on the following attorney(s) the foregoing **DEFENDANT 103RD MULTIPLEX LLC ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** in the manner described below:

| | | |
|---|---|---|
| Michael Fuller<br>michael@underdoglawyer.com<br>Telephone (Direct): (503) 222-2000<br><br>Emily Templeton<br>emily@underdoglawyer.com<br>Telephone (Direct): (971) 352-2503<br><br>OLSENDAINES<br>US Bancorp Tower<br>111 SW 5th Avenue, Suite 3150<br>Portland, Oregon 97204<br><br>*Attorneys for Plaintiff Jessica Schlesinger* | ☐<br>☐<br>☐<br>☑<br><br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve**<br>**E-mail** |
| Bill Miner<br>billminer@dwt.com<br>Telephone (Direct): (503) 778-5477<br><br>DAVIS WRIGHT TREMAINE LLP<br>1300 SW 5th Avenue, Suite 2400<br>Portland, Oregon 97201<br><br>*Attorney for Defendant Eric Matson* | ☐<br>☐<br>☐<br>☑<br><br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve**<br>**E-mail** |

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 56 of 88

| | | |
|---|---|---|
| Jennie Clark | ☐ | U.S. Mail |
| jennie@clarklawportland.com | ☐ | Hand Delivery |
| Telephone (Direct): (503) 238-0505 | ☐ | Telefax |
| | ☑ | **Odyssey E-file** |
| CLARK LAW & ASSOCIATES, LLC | | **and Serve** |
| 6501 SW Macadam, Suite E | ☑ | **E-mail** |
| Portland, Oregon 97239 | | |
| | | |
| *Attorney for Defendant Christopher Baird* | | |

I further certify that I filed the foregoing document with the Clerk of the Court using the Odyssey e-filing system.

DATED this 23ʳᵈ Day of March, 2023.

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
    Gregory L. Baird, OSB No. 922212
    gbaird@gordon-polscer.com

*Attorney for Defendant*
*103rd Multiplex LLC*

CERTIFICATE OF SERVICE - Page 2

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 57 of 88

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSICA SCHLESINGER,<br><br>       Plaintiff,<br><br>  v.<br><br>103RD MULTIPLEX LLC and<br>CHRISTOPHER BAIRD and<br>ERIC MATSON<br><br>       Defendants. | Case No.: 23CV00328<br><br>DEFENDANT CHRISTOPHER BAIRD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Not subject to Mandatory Arbitration<br><br>Amount in Controversy: $2,500,000<br>Fee Authority: ORS 21.160(1)(D) |

Defendant Christopher Baird ("Baird") hereby answers and replies to the plaintiff's Complaint as set forth below.

1.

Paragraph 1 is not directed to Baird such that no response is required. To the extent that a response is required, Baird acknowledges Johnson Creek physically exists and otherwise is without is without knowledge sufficient to form a belief about the truth of remaining allegations contained in Paragraph 1 and denies same.

2.

Baird denies Paragraph 2.

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

3.

Baird denies Paragraph 3. On information and belief, Plaintiff lived from February to November 2022 at 6410 SE 103rd Avenue, Unit # 8, in Portland, Oregon.

4.

Baird denies Paragraphs 4–6.

5.

With respect to Paragraph 7, Baird admits that the sewer lines at the premises were not connected to the public sewer system because it was a septic system, and that the City of Portland concluded that some sewage had seeped into Johnson Creek. Baird denies the remaining allegations contained in Paragraph 7.

6.

Baird denies Paragraphs 8–9.

7.

With respect to Paragraph 10, the City of Portland Hearings Officer's Order speaks for itself. With respect to the last sentence of Paragraph 10, it contains legal conclusions such that no response is required. To the extent a response is required, Baird denies the remaining allegations in paragraph 10.

8.

With respect to Paragraph 11, the City of Portland Hearings Officer's Order speaks for itself.

9.

Baird admits Paragraph 12.

10.

Paragraphs 13–15 are legal conclusions such that no response is required. To the extent a response is required, Baird denies them.

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

**EXHIBIT 1 TO NOTICE OF REMOVAL**

**Page 59 of 88**

11.

Baird admits Paragraph 16.

12.

Baird denies Paragraph 17.

13.

Due to the vague and ambiguous meaning of "controlled" as used in Paragraph 18 of Plaintiff's Complaint, Baird is without knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and thus denies the same.

14.

With respect to Paragraphs 19–20, Plaintiff's Exhibit 1, the City of Portland Hearings Officer's Order, speaks for itself. Baird otherwise denies any allegations remaining in Paragraph 19–20.

15.

Baird admits that 103rd Multiplex LLC did business in Oregon as the owner of the subject unit at 6410 SE 103rd Avenue. Due to the vague and ambiguous meaning of "control" as used in Paragraph 21 of Plaintiff's Complaint, Baird is without knowledge sufficient to form a belief about the truth of remaining allegations contained in Paragraph 18 and thus denies the same.

16.

With respect to Paragraph 22–24, Baird admits that 103rd Multiplex LLC was not registered with the Oregon Secretary of State. The laws of the states of Oregon and Washington speak for themselves and Baird denies the remainder of the allegations in paragraphs 22-24.

17.

Baird denies paragraphs 25–26.

//

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

18.

Paragraphs 27–28 are not directed at Baird such that no response is required.

19.

To the extent not expressly admitted above, Baird denies all allegations in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

20.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff's Amended Complaint fails to allege ultimate facts sufficient to constitute a claim for relief.

21.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction)

This court lacks personal jurisdiction over Baird, who is domiciled in the state of Florida.

22.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to act in good faith as required by ORS 90.130.

23.

### FOURTH AFFIRMATIVE DEFENSE

(Intervening/Superseding Causes)

Plaintiff's alleged damages, if any exist, are due to superseding and/or intervening acts or omissions of others, including Plaintiff and/or third parties.

//

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON  97204
TELEPHONE (503) 224-2165

1          24.

2          FIFTH AFFIRMATIVE DEFENSE

3          (Failure to Mitigate Damages)

4          Plaintiff's claims may be limited or barred to the extent that she failed to take reasonable

5  steps to mitigate her damages.

6          25.

7          SIXTH AFFIRMATIVE DEFENSE

8          (Reservation)

9          Baird reserves the right to allege additional affirmative defenses as discovery progresses

10 and additional information is obtained.

11

12         WHEREFORE, having fully answered Plaintiff's Complaint and alleged affirmative

13 defenses, Defendant Christopher Baird requests that judgment be rendered in his favor and

14 against Plaintiff, and for an award of costs, disbursements, and attorney fees and such other relief

15 as the Court deems proper.

16

17 DATED this March 23, 2023

18

19                              MacMILLAN, SCHOLZ & MARKS LLC

20                               /s/ Mark J. Firmin
                                Megan L. Ferris, OSB# 063404
21                              mferris@msmlegal.com
                                Mark J. Firmin, OSB# 225804
22                              mfirmin@msmlegal.com

23                              *Attorneys for Defendant*
                                *(Christopher Baird)*
24

25

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I served the foregoing DEFENDANT CHRISTOPHER BAIRD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT upon the following attorney(s) at the following address(es), via electronic mail and US Mail:

| | |
|---|---|
| Michael Fuller | Bill Miner |
| Emily Templeton | billminer@dwt.com |
| michael@underdoglawyer.com | DAVIS WRIGHT TREMAINE LLP |
| emily@underdoglawyer.com | 1300 SW 5th Avenue, Suite 2400 |
| OLSENDAINES | Portland, Oregon 97201 |
| US Bancorp Tower | |
| 111 SW 5th Avenue, Suite 3150 | |
| Portland, Oregon 97204 | |
| | |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |
| *(Jessica Schlesinger)* | *(Eric Matson)* |
| | |
| Jennie Clark | Gregory L. Baird |
| jennie@clarklawportland.com | gbaird@gordon-polscer.com |
| CLARK LAW & ASSOCIATES, LLC | GORDON & POLSCER, L.L.C. |
| 6501 SW Macadam, Suite E | 9020 SW Washington Square Rd, St.560 |
| Portland, Oregon 97239 | Tigard, Oregon 97223 |
| | |
| *Attorneys for Defendant* | *Attorney for Defendant* |
| *(Christopher Baird)* | *(103rd Multiplex LLC)* |

DATED this March 23, 2023

          MacMILLAN, SCHOLZ & MARKS LLC

By : */s/ Mark J. Firmin*
      Megan L. Ferris, OSB# 063404
      mferris@msmlegal.com
      Mark J. Firmin, OSB# 225804
      mfirmin@msmlegal.com

      *Attorneys for Defendant*
      *(Christopher Baird)*

1 – CERTIFICATE OF SERVICE

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 63 of 88

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **JESSICA SCHLESINGER**<br><br>Plaintiff<br><br>vs<br><br>**103RD MULTIPLEX LLC** and **CHRISTOPHER BAIRD** and **ERIC MATSON**<br><br>Defendants | Case No. 23CV00328<br><br>**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT 103RD MULTIPLEX LLC** |

## INTRODUCTION

Plaintiff respectfully asks that 103rd Multiplex LLC (defendant) admit or deny the following requests. After trial, plaintiff intends to request reimbursement for any unnecessary litigation expenses caused by defendant's failure to candidly admit or deny any of the requests below. If defendant's responses to any of these requests change at any time throughout this case or at any time during trial, defendant must immediately tell plaintiff, and defendant must revise his written responses so that they are accurate. All undefined terms in these requests have the definitions prescribed by the most recent version of the Random House Unabridged Dictionary. **FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.**

REQUESTS FOR ADMISSION – Page 1 of 3

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 64 of 88

**REQUESTS FOR ADMISSION**

**16.**

Defendant has no evidence to prove that plaintiff failed to mitigate damages.

**Admit or Deny:**

**17.**

Defendant has no evidence to prove that plaintiff failed to act in good faith.

**Admit or Deny:**

March 23, 2023

**RESPECTFULLY FILED,**

/s/ Michael Fuller

**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**REQUESTS FOR ADMISSION** – Page 2 of 3

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 65 of 88

## PROOF OF SERVICE

I certify I caused this document to be served on the following:

**103rd Multiplex LLC**
**c/o attorney Gregory Baird**
**gbaird@gordon-polscer.com**

**Christopher Baird**
**c/o attorney Megan Ferris**
**mferris@msmlegal.com**

**Eric Matson**
**c/o attorney Bill Miner**
**billminer@dwt.com**

March 23, 2023

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSICA SCHLESINGER,<br><br>                    Plaintiff,<br><br>        v.<br><br>103RD MULTIPLEX LLC, and<br>CHRISTOPHER BAIRD, and<br>ERIC MATSON,<br><br>                    Defendants. | Case No. 23CV00328<br><br>DEFENDANT 103RD MULTIPLEX<br>LLC'S RESPONSE TO PLAINTIFF'S<br>REQUESTS FOR ADMISSION TO<br>DEFENDANT |

Defendant 103RD MULTIPLEX LLC ("Defendant") hereby responds to Plaintiff's

Requests for Admission to Defendant, as follows:

## **PRELIMINARY STATEMENT**

All of Defendant's objections and responses are based on information presently available

to Defendant and are limited to that extent. Furthermore, investigation and discovery by

Defendant in this litigation is continuing. Defendant has not yet completed its discovery of all of

the facts relating to the allegations made in this action and has not completed its preparation for

trial. Defendant will, during the course of this litigation, pursue additional formal discovery as

well as other informal discovery of its own. Defendant may discover further information,

documents, or facts that will add meaning to the facts already known and will establish new

factual conclusions or legal contentions. As a result, Defendant expressly reserves its right to rely

on facts, information, and documents developed in discovery or otherwise, and to supplement,

DEFENDANT 103RD MULTIPLEX LLC'S
RESPONSE TO PLAINTIFF'S REQUESTS FOR
ADMISSION TO DEFENDANT - Page 1

GORDON REES SCULLY MANSUKHANI
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 67 of 88

1 amend and/or correct all of its responses.

2 **GENERAL OBJECTIONS**

3     Defendant incorporates by reference the following General Objections into each and
4 every objection and/or individualized answer or response to the discovery requests set forth
5 below. Defendant does not waive any of its General Objections in answering or responding to the
6 discovery requests set forth below.

7     1. Defendant's responses are made to the best of its knowledge, information and belief.
8 Defendant has not fully completed its investigation of the facts relating to this case, its discovery,
9 and/or its preparation for trial. Defendant's responses are at all times subject to such additional
10 information that further discovery or investigation may disclose and are subject to such
11 refreshing of recollection, and such additional knowledge of facts, as may result from further
12 discovery or investigation. The objections set forth herein are without prejudice to Defendant's
13 right to assert additional objections or supplemental responses should it discover additional
14 information or grounds for objection at any time prior to or during the trial of this action.
15 Defendant accordingly reserves the right to supplement and/or amend its responses, and to
16 present additional evidence at a later date.

17     2. Defendant objects to Plaintiff's Requests for Admissions to the extent they seek
18 information protected by the work-product doctrine, the attorney-client privilege or any other
19 privilege recognized by law. Defendant further objects to Plaintiff's Requests to the extent they
20 seek information of a confidential and/or proprietary nature.

21     3. Each of these general objections are incorporated into each of Defendant's specific
22 responses as if they were set forth in full below.

23 / / /

24

25

26

DEFENDANT 103RD MULTIPLEX LLC'S
RESPONSE TO PLAINTIFF'S REQUESTS FOR
ADMISSION TO DEFENDANT - Page 2

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 68 of 88

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 69 of 88

**RESPONSES**

**REQUEST NO. 1:** Between February 2022 and November 2022, Christopher Baird was a governor of defendant's company.

**ANSWER:** Defendant objects as the term "governor" is undefined and requires Defendant to admit or deny a legal conclusion. Without waiving any objections, Defendant denies that Christopher Baird, acting in his individual capacity, was a governor.

**REQUEST NO. 2:** Between February 2022 and November 2022, Eric Matson was a governor of defendant's company.

**ANSWER:** Defendant objects as the term "governor" is undefined and requires Defendant to admit or deny a legal conclusion. Without waiving any objections, Defendant admits.

**REQUEST NO. 3:** Plaintiff is defendant's "tenant" as that term is defined at ORS 90.100(47).

**ANSWER:** Defendant objects as "tenant" is not defined at ORS 90.100(47). Defendant further objects to the extent this request calls for a legal conclusion. Without waiving any objections, Defendant states that ORS 90.100(48) speaks for itself and admits that Plaintiff was a tenant from at least February 2022 through November 2022.

**REQUEST NO. 4:** Defendant is plaintiff's "landlord" as that term is defined at ORS 90.100(23).

**ANSWER:** Defendant objects to the extent this calls for a legal conclusion. Without waiving any objections, Defendant asserts that the statue speaks for itself and admits that Defendant owned the property located at 6410 SE 103rd Avenue, Portland, Oregon and Plaintiff resided in Unit 8 of that property from at least February of 2022 through November 2022.

**REQUEST NO. 5:** Between February 2022 and November 2022, defendant owned the premises at 6402 SE 103rd Avenue.

**ANSWER:** Admit.

DEFENDANT 103RD MULTIPLEX LLC'S
RESPONSE TO PLAINTIFF'S REQUESTS FOR
ADMISSION TO DEFENDANT - Page 3

1      **REQUEST NO. 6:** Between February 2022 and November 2022, defendant was

2 responsible to maintain the premises at 6402 SE 103rd Avenue in a habitable condition.

3      **ANSWER:** Defendant objects to the phrasing and to the extent this calls for a legal

4 conclusion. Defendant further objects to the extent the request assumes Plaintiff was a tenant at

5 that address. Without waiving any objections, Defendant admits to its responsibilities as defined

6 at law and nothing further.

7      **REQUEST NO. 7:** Between February 2022 and November 2022, defendant failed to

8 observe all corporate formalities required of defendant under the laws of the state of Oregon.

9      **ANSWER:** Defendant objects to the phrase "all corporate formalities" as overly broad,

10 undefined and ambiguous. Defendant further objects to the extent the request assumes Oregon

11 law governs the corporate obligations of Defendant. Without waiving any objection, Defendant

12 denies.

13      **REQUEST NO. 8:** Between February 2022 and November 2022, defendant failed to

14 observe all corporate formalities required of defendant under the laws of the state of Washington.

15      **ANSWER:** Defendant objects to the phrase "all corporate formalities" as overly broad,

16 undefined and ambiguous. Without waiving any objection, Defendant denies.

17      **REQUEST NO. 9:** Between February 2022 and November 2022, defendant failed to

18 observe all corporate formalities required of defendant under the laws of Oregon.

19      **ANSWER:** Defendant objects to the phrase "all corporate formalities" as overly broad,

20 undefined and ambiguous. Defendant further objects to the extent the request assumes Oregon

21 law governs the corporate obligations of Defendant. Without waiving any objection, Defendant

22 denies.

23 */ / /*

24

25

26

DEFENDANT 103RD MULTIPLEX LLC'S
RESPONSE TO PLAINTIFF'S REQUESTS FOR
ADMISSION TO DEFENDANT - Page 4

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 70 of 88

1    **REQUEST NO. 10:** Between February 2022 and November 2022, defendant failed to

2 register its company with the Oregon Secretary of State Corporate Division.

3    **ANSWER:** Defendant admits that it did not register its company with the Oregon

4 Secretary of State Corporate Division between February 2022 and November 2022, but denies

5 that it had any duty to do so.

6    **REQUEST NO. 11:** Between February 2022 and November 2022, defendant failed to

7 maintain an insurance agreement or policy under which a person transacting insurance may be

8 liable to satisfy part or all of a judgment in this case.

9    **ANSWER:** Deny.

10    **REQUEST NO. 12:** Between February 2022 and November 2022, trash accumulated at

11 the premises at 6402 SE 103rd Avenue.

12    **ANSWER:** Defendant objects to the phrase "trash accumulated" as vague and

13 ambiguous.  Without waiving any objection, Defendant admits that trash existed at the premises

14 but denies to the extent the use of the word "accumulated" is intended to assert that the premises

15 were uninhabitable on that basis.

16    **REQUEST NO. 13:** Between February 2022 and November 2022, sewage flowed from

17 the premises at 6402 SE 103rd Avenue into Johnson Creek.

18    **ANSWER:** Defendant objects to the terms "sewage" and "flowed" as vague and

19 ambiguous. Based on the foregoing objections, Defendant currently lacks sufficient knowledge

20 or information to admit or deny, and therefore denies.

21    **REQUEST NO. 14:** At no time has plaintiff faked or exaggerated the damages alleged in

22 the operative complaint.

23    **ANSWER:** Defendant currently lacks sufficient knowledge or information to admit or

24 deny, and therefore denies.

25 / / /

26

DEFENDANT 103RD MULTIPLEX LLC'S
RESPONSE TO PLAINTIFF'S REQUESTS FOR
ADMISSION TO DEFENDANT - Page 5

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 71 of 88

GORDON REES SCULLY MANSUKHANI
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

1

2

**REQUEST NO. 15:** Defendant has accepted responsibility to pay for any damages determined by jury to have been sustained by plaintiff as alleged in the operative complaint.

3

4

**ANSWER:** Defendant objects to the request as vague and ambiguous as to the meaning of the phrase "has accepted responsibility" and to the extent the request is seeking Defendant to waive any legal defenses or rights it has at trial or on appeal. Defendant further objects that the request is outside the scope of discoverable information and requires Defendant to admit or deny a conditional future event. Without waiving any objection, Defendant admits it was the owner of the property at which plaintiff was a tenant from February of 2020 to November of 2020 but denies the remainder.

10

DATED this 23rd Day of March, 2023.

Respectfully Submitted:

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
       Gregory L. Baird, OSB No. 922212
       gbaird@gordon-polscer.com

*Attorney for Defendant*
*103rd Multiplex LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 72 of 88

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I served on the following attorney(s) the foregoing **DEFENDANT 103RD MULTIPLEX LLC'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT** in the manner described below:

| | | |
|---|---|---|
| Michael Fuller<br>michael@underdoglawyer.com<br>Telephone (Direct): (503) 222-2000<br><br>Emily Templeton<br>emily@underdoglawyer.com<br>Telephone (Direct): (971) 352-2503<br><br>OLSENDAINES<br>US Bancorp Tower<br>111 SW 5th Avenue, Suite 3150<br>Portland, Oregon 97204<br><br>*Attorneys for Plaintiff Jessica Schlesinger* | ☐<br>☐<br>☐<br>☑<br><br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve**<br>**E-mail** |
| Bill Miner<br>billminer@dwt.com<br>Telephone (Direct): (503) 778-5477<br><br>DAVIS WRIGHT TREMAINE LLP<br>1300 SW 5th Avenue, Suite 2400<br>Portland, Oregon 97201<br><br>*Attorney for Defendant Eric Matson* | ☐<br>☐<br>☐<br>☑<br><br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve**<br>**E-mail** |

CERTIFICATE OF SERVICE - Page 1

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 73 of 88

| Jennie Clark | ☐ | U.S. Mail |
|---|---|---|
| jennie@clarklawportland.com | ☐ | Hand Delivery |
| Telephone (Direct): (503) 238-0505 | ☐ | Telefax |
| | ☑ | **Odyssey E-file and Serve** |
| CLARK LAW & ASSOCIATES, LLC | | |
| 6501 SW Macadam, Suite E | ☑ | **E-mail** |
| Portland, Oregon 97239 | | |
| | | |
| *Attorney for Defendant Christopher Baird* | | |

I further certify that I filed the foregoing document with the Clerk of the Court using the Odyssey e-filing system.

DATED this 23rd Day of March, 2023.

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
  Gregory L. Baird, OSB No. 922212
  gbaird@gordon-polscer.com

*Attorney for Defendant*
*103rd Multiplex LLC*

CERTIFICATE OF SERVICE - Page 2

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 74 of 88

1
2
3
4
5
6

IN THE CIRCUIT COURT OF THE STATE OF OREGON

7

FOR THE COUNTY OF MULTNOMAH

8

JESSICA SCHLESINGER,

9

Plaintiff,

10

v.

11

103RD MULTIPLEX LLC and
CHRISTOPHER BAIRD and
ERIC MATSON

12
13

Defendants.

14
15
16

Case No.: 23CV00328

DEFENDANT CHRISTOPHER BAIRD'S
FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Not subject to Mandatory Arbitration

Amount in Controversy: $2,500,000
Fee Authority: ORS 21.160(1)(D)

17    Defendant Christopher Baird ("Baird") hereby answers and replies to the plaintiff's

18  Complaint as set forth below.

19                                    1.

20    Paragraph 1 is not directed to Baird such that no response is required. To the extent that a

21  response is required, Baird acknowledges Johnson Creek physically exists and otherwise is

22  without is without knowledge sufficient to form a belief about the truth of remaining allegations

23  contained in Paragraph 1 and denies same.

24                                    2.

25    Baird denies Paragraph 2.

Page

1 – **BAIRD'S FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 75 of 88

1 | //

2 | <center>3.</center>

3 | Baird denies Paragraph 3. On information and belief, Plaintiff lived from February to

4 | November 2022 at 6410 SE 103rd Avenue, Unit # 8, in Portland, Oregon.

5 | <center>4.</center>

6 | Baird denies Paragraphs 4–6.

7 | <center>5.</center>

8 | With respect to Paragraph 7, Baird admits that the sewer lines at the premises were not

9 | connected to the public sewer system because it was a septic system, and that the City of

10 | Portland concluded that some sewage had seeped into Johnson Creek. Baird denies the remaining

11 | allegations contained in Paragraph 7.

12 | <center>6.</center>

13 | Baird denies Paragraphs 8–9.

14 | <center>7.</center>

15 | With respect to Paragraph 10, the City of Portland Hearings Officer's Order speaks for

16 | itself. With respect to the last sentence of Paragraph 10, it contains legal conclusions such that no

17 | response is required. To the extent a response is required, Baird denies the remaining allegations

18 | in paragraph 10.

19 | <center>8.</center>

20 | With respect to Paragraph 11, the City of Portland Hearings Officer's Order speaks for

21 | itself.

22 | <center>9.</center>

23 | Baird admits Paragraph 12.

24 | <center>10.</center>

25 |

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
Page 76 of 88

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

1    Paragraphs 13–15 are legal conclusions such that no response is required. To the extent a

2  response is required, Baird denies them.

3                                             11.

4    Baird admits Paragraph 16.

5                                             12.

6    Baird denies Paragraph 17.

7                                             13.

8    Due to the vague and ambiguous meaning of "controlled" as used in Paragraph 18 of

9  Plaintiff's Complaint, Baird is without knowledge sufficient to form a belief about the truth of

10  the allegations contained in Paragraph 18 and thus denies the same.

11                                            14.

12    With respect to Paragraphs 19–20, Plaintiff's Exhibit 1, the City of Portland Hearings

13  Officer's Order, speaks for itself. Baird otherwise denies any allegations remaining in Paragraph

14  19–20.

15                                            15.

16    Baird admits that 103rd Multiplex LLC did business in Oregon as the owner of the

17  subject unit at 6410 SE 103rd Avenue. Due to the vague and ambiguous meaning of "control" as

18  used in Paragraph 21 of Plaintiff's Complaint, Baird is without knowledge sufficient to form a

19  belief about the truth of remaining allegations contained in Paragraph 18 and thus denies the

20  same.

21                                            16.

22    With respect to Paragraph 22–24, Baird admits that 103rd Multiplex LLC was not

23  registered with the Oregon Secretary of State. The laws of the states of Oregon and Washington

24  speak for themselves and Baird denies the remainder of the allegations in paragraphs 22-24.

25                                            17.

**EXHIBIT 1 TO NOTICE OF REMOVAL**

**Page 77 of 88**

**MACMILLAN, SCHOLZ & MARKS, LLC**
**ATTORNEYS AT LAW**
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

1    Baird denies paragraphs 25–26.

2    //

3                                      18.

4    Paragraphs 27–28 are not directed at Baird such that no response is required.

5                                      19.

6    To the extent not expressly admitted above, Baird denies all allegations in Plaintiff's

7    Complaint.

8

9                          **<u>AFFIRMATIVE DEFENSES</u>**

10                                    20.

11                      FIRST AFFIRMATIVE DEFENSE

12                        (Failure to State a Claim)

13    Plaintiff's Amended Complaint fails to allege ultimate facts sufficient to constitute a

14    claim for relief.

15                                    21.

16                     SECOND AFFIRMATIVE DEFENSE

17                      (Lack of Personal Jurisdiction)

18    This court lacks personal jurisdiction over Baird, who is domiciled in the state of Florida.

19                                    22.

20                      THIRD AFFIRMATIVE DEFENSE

21                           (Reservation)

22    Baird reserves the right to allege additional affirmative defenses as discovery progresses

23    and additional information is obtained.

24

25

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 78 of 88**

**MACMILLAN, SCHOLZ & MARKS, LLC**
**ATTORNEYS AT LAW**
900 SW FIFTH AVE SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

1    WHEREFORE, having fully answered Plaintiff's Complaint and alleged affirmative

2    defenses, Defendant Christopher Baird requests that judgment be rendered in his favor and

3    against Plaintiff, and for an award of costs, disbursements, and attorney fees and such other relief

4    as the Court deems proper.

5

6    DATED this March 28, 2023

7

8                                        MacMILLAN, SCHOLZ & MARKS LLC

9                                         */s/ Mark J. Firmin*
                                         Megan L. Ferris, OSB# 063404
10                                        mferris@msmlegal.com
                                         Mark J. Firmin, OSB# 225804
11                                        mfirmin@msmlegal.com
                                         *Attorneys for Defendant Christopher*
12                                       *Baird*

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 79 of 88

Page   5 – **BAIRD'S FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
       AMENDED COMPLAINT**

<div align="center">CERTIFICATE OF SERVICE</div>

     I HEREBY CERTIFY that I served the foregoing DEFENDANT CHRISTOPHER BAIRD'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT upon the following attorney(s) at the following address(es), via electronic mail and US Mail:

| | |
|---|---|
| Michael Fuller | Bill Miner |
| Emily Templeton | billminer@dwt.com |
| michael@underdoglawyer.com | DAVIS WRIGHT TREMAINE LLP |
| emily@underdoglawyer.com | 1300 SW 5th Avenue, Suite 2400 |
| OLSENDAINES | Portland, Oregon 97201 |
| US Bancorp Tower | |
| 111 SW 5th Avenue, Suite 3150 | |
| Portland, Oregon 97204 | |
| | |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |
| *(Jessica Schlesinger)* | *(Eric Matson)* |
| | |
| Jennie Clark | Gregory L. Baird |
| jennie@clarklawportland.com | gbaird@gordon-polscer.com |
| CLARK LAW & ASSOCIATES, LLC | GORDON & POLSCER, L.L.C. |
| 6501 SW Macadam, Suite E | 9020 SW Washington Square Rd, St.560 |
| Portland, Oregon 97239 | Tigard, Oregon 97223 |
| | |
| *Attorneys for Defendant* | *Attorney for Defendant* |
| *(Christopher Baird)* | *(103rd Multiplex LLC)* |

DATED this March 28, 2023

<div style="text-align:center">MacMILLAN, SCHOLZ & MARKS LLC</div>

By : */s/ Mark J. Firmin*
Megan L. Ferris, OSB# 063404
mferris@msmlegal.com
Mark J. Firmin, OSB# 225804
mfirmin@msmlegal.com
*Attorneys for Defendant Christopher*
*Baird*

1 – CERTIFICATE OF SERVICE

MACMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
101 SW MAIN STREET, SUITE 1000
PORTLAND, OREGON  97204
TELEPHONE (503) 224-2165

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 80 of 88**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JESSICA SCHLESINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>103RD MULTIPLEX LLC, and<br>CHRISTOPHER BAIRD, and<br>ERIC MATSON,<br><br>        Defendants. | Case No. 23CV00328<br><br>DEFENDANT 103RD MULTIPLEX<br>LLC'S FIRST AMENDED ANSWER<br>TO PLAINTIFF'S COMPLAINT –<br>FIRST AMENDED<br><br>Prayer:    $2.5 million<br>Authority:  ORS 21.160(1)(d)<br>Filing Fee:  $884.00<br>              (previously <u>paid</u>)<br><br>(Claim Not Subject to Mandatory<br>Arbitration) |

In response to Plaintiff's Complaint – First Amended, Defendant 103rd Multiplex LLC

("Defendant") hereby denies all allegations therein except as expressly admitted below:

1.

To the extent a response is required in response to Paragraph 1 of Plaintiff's Complaint,

Defendant lacks sufficient knowledge or information to admit or deny the allegations.

2.

Defendant denies the allegations contained in Paragraph 2.

3.

Defendant denies Paragraph 3. On information and belief, Plaintiff lived from February

to November 2022 at 6410 SE 103rd Avenue, Unit # 8, in Portland, Oregon.

/ / /

DEFENDANT 103RD MULTIPLEX LLC'S FIRST
AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT – FIRST AMENDED - Page 1

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 81 of 88

4.

In response to Paragraph 4, Defendant asserts that ORS 90.100(47) statute speaks for itself, and that no response is required to the extent the allegation asserts a legal conclusion. To the extent a response is required, Defendant denies that ORS 90.100(47) defines the term "tenant" but admits that Plaintiff was a tenant as defined by ORS 90.100(48) from February of 2022 to November of 2022.

5.

In response to Paragraph 5, Defendant asserts that ORS 90.100(23) speaks for itself, and that no response is required to the extent the allegation asserts a legal conclusion. To the extent a response is required, Defendant admits 103rd Multiplex LLC is the owner of the subject property.

6.

In response to Paragraph 6, Defendant admits that certain duties exist under applicable landlord-tenant law and that such laws speak for themselves. Defendant denies that the premises were not maintained in a safe condition.

7.

With respect to Paragraph 7, Defendant admits that the sewer lines at the premises were not connected to the public sewer system because it was a septic system, and that the City of Portland concluded that some sewage had seeped into Johnson Creek. Defendant denies the remaining allegations contained in Paragraph 7.

8.

Defendant denies the allegations contained in Paragraph 8.

9.

Defendant denies the allegations contained in Paragraph 9.

10.

In response to Paragraph 10, Defendant states that the "Hearing Officer's Order" attached as Exhibit 1 to Plaintiff's Complaint speaks for itself. Defendant denies Plaintiff's description of

DEFENDANT 103RD MULTIPLEX LLC'S FIRST
AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT – FIRST AMENDED - Page 2

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 82 of 88

the contents of the Order. Additionally, Defendant denies that Plaintiff was constructively ousted from her home and any other allegations contained therein.

11.

In response to Paragraph 11, Defendant asserts that Exhibit 1 speaks for itself.

12.

Defendant admits the allegations contained in Paragraph 12.

13.

Defendant denies the allegations contained in Paragraph 13.

14.

In response to Paragraph 14, Defendant asserts that ORS 90.375 speaks for itself, and denies the other allegations contained therein.

15.

Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein as they relate to Defendant.

16.

In response to Paragraph 16, Defendant admits that it is a limited liability company organized under the laws of the State of Washington and that ownership of the subject property was transferred to it in November of 2021.

17.

Defendant denies the allegations contained in Paragraph 17.

18.

Defendant denies the allegations in Paragraph 18.

///

DEFENDANT 103RD MULTIPLEX LLC'S FIRST
AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT – FIRST AMENDED - Page 3

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 83 of 88

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

19.

With respect to Paragraphs 19, Plaintiff's Exhibit 1, the City of Portland Hearings Officer's Order, speaks for itself. Defendant otherwise denies any allegations remaining in Paragraph 19.

20.

In response to Paragraph 20, Defendant asserts that Exhibit 1, the City of Portland Hearings Officer's Order, speaks for itself. Defendant otherwise denies any allegations remaining in Paragraph 20.

21.

In response to Paragraph 21, Defendant admits that it owned the subject property and rented it to Oregon tenants, but denies the remainder.

22.

In response to Paragraph 22, Defendant admits that it did not register as a business with the Oregon Secretary of State Corporate Division, but denies that it was under any requirement to do so.

23.

In response to Paragraph 23, Defendant admits that it did not maintain a registered agent within the State of Oregon, but denies that it was under any requirement to do so.

24.

Defendant denies the allegations contained in Paragraph 24.

25.

Defendant denies the allegations contained in Paragraph 25.

26.

To the extent Paragraph 26 sets for legal conclusions, no response is required. To the extent a response is required, Defendant denies all allegations contained therein as they apply to Defendant.

DEFENDANT 103RD MULTIPLEX LLC'S FIRST
AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT – FIRST AMENDED - Page 4

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 84 of 88

27.

Paragraph 27 sets forth no allegations against Defendant and as such no response is required. To the extent a response is required, Defendant denies all allegations contained therein as they apply to Defendant.

28.

Defendant denies all allegations contained in Paragraph 28, and specifically denies that Plaintiff is entitled to any requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which the Plaintiff bears such burden and without waiving any specific denials set forth above, Defendant asserts the following affirmative defenses:

29.

### (Failure to State a Claim)

Plaintiff's Amended Complaint fails to allege ultimate facts sufficient to constitute a claim for relief.

30.

### (Reservation)

Defendant reserves the right to allege additional affirmative defenses as discovery progresses and additional information is obtained.

/ / /

DEFENDANT 103RD MULTIPLEX LLC'S FIRST
AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT – FIRST AMENDED - Page 5

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 85 of 88

1    WHEREFORE, having fully answered Plaintiff's Complaint and alleged affirmative

2  defenses, Defendant 103rd Multiplex LLC requests that judgment be rendered in its favor and

3  against Plaintiff, and for an award of costs, disbursements, and attorney fees and such other relief

4  as the Court deems proper.

5    DATED this 29th Day of March, 2023.

Respectfully Submitted:

6

**GORDON & POLSCER, L.L.C.**

7

By: *s/ Gregory L. Baird*

8      Gregory L. Baird, OSB No. 922212
      gbaird@gordon-polscer.com

9

*Attorney for Defendant*

10  *103rd Multiplex LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 86 of 88

DEFENDANT 103RD MULTIPLEX LLC'S FIRST
AMENDED ANSWER TO PLAINTIFF'S
COMPLAINT – FIRST AMENDED - Page 6

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I served on the following attorney(s) the foregoing **DEFENDANT 103RD MULTIPLEX LLC'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT – FIRST AMENDED** in the manner described below:

| | | |
|---|---|---|
| Michael Fuller<br>michael@underdoglawyer.com<br>Telephone (Direct): (503) 222-2000<br><br>Emily Templeton<br>emily@underdoglawyer.com<br>Telephone (Direct): (971) 352-2503<br><br>OLSENDAINES<br>US Bancorp Tower<br>111 SW 5th Avenue, Suite 3150<br>Portland, Oregon 97204<br><br>*Attorneys for Plaintiff Jessica Schlesinger* | ☐<br>☐<br>☐<br>☑<br><br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve**<br>**E-mail** |
| Bill Miner<br>billminer@dwt.com<br>Telephone (Direct): (503) 778-5477<br><br>Sarah Ames Benedict<br>sarahbenedict@dwt.com<br>Telephone (Direct): (503) 778-5463<br><br>Renee Robillard<br>reneerobillard@dwt.com<br><br>DAVIS WRIGHT TREMAINE LLP<br>1300 SW 5th Avenue, Suite 2400<br>Portland, Oregon 97201<br><br>*Attorneys for Defendant Eric Matson* | ☐<br>☐<br>☐<br>☑<br><br>☑ | U.S. Mail<br>Hand Delivery<br>Telefax<br>**Odyssey E-file and Serve**<br>**E-mail** |

CERTIFICATE OF SERVICE - Page 1

**EXHIBIT 1 TO**
**NOTICE OF REMOVAL**
**Page 87 of 88**

GORDON & POLSCAMP, PC
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922

| Megan L. Ferris | ☐ | U.S. Mail |
|---|---|---|
| mferris@msmlegal.com | ☐ | Hand Delivery |
| Mark J. Firmin | ☐ | Telefax |
| mfirmin@msmlegal.com | ☑ | **Odyssey E-file** |
| Telephone: (503) 224-2165 | | **and Serve** |
| | ☑ | **E-mail** |
| MACMILLAN SCHOLZ & MARKS | | |
| 900 SW Fifth Avenue, Suite 1800 | | |
| Portland, Oregon 97204 | | |
| | | |
| *Attorneys for Defendant* | | |
| *Christopher Baird* | | |

I further certify that I filed the foregoing document with the Clerk of the Court using the Odyssey e-filing system.

DATED this 29th Day of March, 2023.

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
    Gregory L. Baird, OSB No. 922212
    gbaird@gordon-polscer.com

*Attorney for Defendant*
*103rd Multiplex LLC*

CERTIFICATE OF SERVICE - Page 2

EXHIBIT 1 TO
NOTICE OF REMOVAL
Page 88 of 88

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922